# Brown *v.* Brown.

### *Bill in Equity to Enforce Vendor's Lien on Land.*

1. *Bringing second suit without paying costs of first.*—When a second suit is brought by the complainant, against the same defendant, on the same subject-matter, and for the same purpose, without first paying the costs of the first, the defendant may, on motion and notice, have the proceedings stayed until the costs are paid; and if there is great delay in paying them, the court may order payment within a prescribed time, or, in default thereof, that the bill stand dismissed; but there is no imperative rule which requires that the second bill shall be dismissed, "at least until complainant is in contempt for failing to obey an order requiring the costs to be paid."

2. *Same; order for payment of costs out of proceeds of sale.*—In such case, a final decree being rendered in favor of the complainant, enforcing a vendor's lien on lands, it is erroneous to decree payment of the costs of the first suit out of the proceeds of sale, without directing that the same be deducted from the amount due to the complainant; and this error, not being a clerical misprison (Code, § 3946), will work a reversal at the costs of the appellee.

APPEAL from the Chancery Court of Tallapoosa.
Heard before the Hon. S. K. McSPADDEN.

J. M. CHILTON, for appellant, cited, Daniel's Chancery Practice, 796 ; *Pickett v. Loggan,* 5 Ves. 706 ; *Alltree v. Hordern,* 5 Beav. 623; *Lantour v. Holcombe,* 10 *ib.* 256 ; *Spiers v. Sewell,* 5 Sem. 193 ; *Simpson v. Brewster,* 9 Paige, 245 ; *Princess of Wales v. Lord Liverpool,* 3 Swanst. 167; *Ernest v. Govett,* 2 N. R., 486.

THOMAS C. WYNN, *contra.*

CLOPTON, J.—When a complainant brings a second bill against the same defendant on the same subject-matter, and for the same purpose, without having paid the costs of the former suit, an order may be obtained, on motion and notice, staying further proceedings until the costs are paid ; and if there is great delay in paying them, the court may order payment within a prescribed time, or in default thereof, the second bill stands dismissed.—1 Dan. Ch. Pl. & Pr. 796. The defendant did not pursue the proper practice to procure payment of the costs. There was no motion to stay proceedings, or to require payment. The only motion, which was made in the answer, and submitted on the final hearing

[Moore v. Alexander.]

on the merits, is to *dismiss* the second bill for non-payment of the costs of the former suit. There is no imperative rule that the second bill shall be dismissed, at least until complainant is in contempt for failing to obey an order requiring the costs to be paid. The chancellor erred, however, in decreeing that the costs of the former suit be paid out of the proceeds of the sale of land, without directing the amount to be deducted from the sum ascertained to be due complainant. The practical operation of the decree is to make defendant pay such costs.

Counsel for appellee, conceding error in this respect, insists that the decree should be corrected and affirmed at the costs of appellant. The statute provides, that no cause must be reversed for miscalculation of interest, or other clerical mistakes in entering judgment, except on motion of, and at the costs of appellant.—Code, § 3946. Such has been the invariable practice. The decree in the present case does not fall within the statute. The direction as to the payment of the costs cannot be regarded a clerical mistake. While the decree must be reversed for this error alone, as we discover no other in the record, the taxation of the costs of appeal must be governed by the general rule.

Decree reversed, and a decree will be here rendered in conformity with this opinion.

Reversed and rendered.