# *Ex parte* Street.

## *Application for Mandamus.*

1. *Bills to compel final settlement of administration; stay of proceedings under second bill until payment of costs in the first.*—After the removal of the administrator *de bonis non*, the decedent's heirs and next of kin filed a bill against the administrator of the administrator in chief of their decedent's estate and the surety on such administrator's bond, to compel "a full, true and complete settlement" of the administration of their decedent's estate, and it was averred in the bill, as an excuse for its being filed by the heirs and next of kin that there was no pending administration ;that there were no debts owing by said estate,and there was also set out in the bill a provision of the will of the deceased, which directed a sale of certain personalty and a division of the proceeds among the decedent's children, and that the administrator of their decedent's estate had converted such proceeds. After the filing of this bill, it was dismissed at the complainant's request. Upon a second administrator *de bonis non* of the estate being subsequently appointed, he filed a bill against the same parties who were made defendants to the prior bill by the heirs and next of kin, and also made said heirs and next of kin of the decedent parties defendant. The prayer of the second bill was that the administrator of the administrator in chief of the decedent's estate and the surety on his bond be required to make in the chancery court "a full, true and complete final settlement" of the administration of the administrator of the decedent's estate, and that a decree be rendered for whatever balance might be ascertained to be due the decedent's estate, and for general relief. *Held:* That the parties to the two suits were essentially the same ; that the facts averred in the two bills, were in effect, the same ; that the subject matter of the two suits and the object to be accomplished by the two suits were the same, and that as a condition precedent to maintaining the second bill the costs in the first suit must be paid, and the court properly ordered a stay of the proceedings in the second suit until such costs were paid.

Simon Jacobs of Marshall county, died, leaving a last will and testament, on January 30, 1864.

On March 16, 1864, James H. Moore was appointed his administrator with will annexed, and gave bond in the sum of $12,000, with Albert G. Henry and William H. Wiggs as his sureties. Said Moore, as administrator, received large sums of money and other property belong-

[*Ex parte* Street.]

ing to said astate, all of which he wasted and converted to his own use.

Said Moore died in November, 1881, without having made a final settlement of his administration on said estate, and Andrew J. McDonald, the general adminis- trator of Marshall county was granted letters of admin- istration on the estate of said Moore. On April 20, 1883, letters of administration *de bonis non*, with the will an- nexed, on the estate of the said Simon Jacobs, were granted to Henry G. Jacobs, by the probate court of Marshall county. Thereupon, Henry G. Jacobs instituted proceedings in the probate court of Marshall against Andrew J. McDonald, as administrator of the estate of said James H. Moore, to bring him to a settlement of the estate of his intestate. In February, 1888, said An- drew J. McDonald, as administrator of said Moore, filed his petition in the probate court of Marshall county to declare the estate of his intestate insolvent; and on 18th of August, 1888, said estate was declared insolvent, by the decree of said probate court.

In 1887, James W. Hodges, one of the sureties on the bond of Henry G. Jacobs, as administrator of Simon Ja- cobs, applied to the probate court to be relieved as surety on said bond, and the court required said Henry G. to give a new bond, which he was unable to do, and, as is stated, he was, on that account, on the 11th July, 1887, deposed from said administration, since which time, down to the 22d of August, 1892, there was no adminis- tration on said estate. On the 22d of August, 1892, let- ters of administration on the estate of said Simon Jacobs, with the will annexed, were again granted by said pro- bate court, to said Henry G. Jacobs. Said Henry G., in 1893, removed from the State of Alabama to Texas, and upon the petition of his sureties, he was removed from the administration of the estate of said Simon Ja- cobs on the 11th September, 1893. On the 22d Novem- ber, 1893, Oliver D. Street was appointed administrator *de bonis non* of the estate of said Simon Jacobs.

On the 11th day of November, 1889, (before said Henry G. Jacobs had been re-appointed administrator of Simon Jacobs, after his removal therefrom for not giving a new bond, on the 11th July, 1887,) all the next of kin, heirs of said Simon Jacobs including said Henry G. Jacobs, one of his children, filed in the chancery court of Mar-

shall, their bill against Andrew J. McDonald as administrator of the estate of said Jas. H. Moore, deceased, who was the administrator of said Simon Jocobs, and Albert G. Henry, one of the sureties on the administration bond of said Moore as admistrator of said Simon Jacobs, (the other surety having died), the object of which suit was, to require them to appear and, under the direction and supervision of said court, to make a full, true and complete settlement of the said James H. Moore's administration of the estate of said Simon Jacobs, which went into the hands of said Moore as administrator. The object of the suit was, besides a final settlement of said estate, to enforce the liability of the surety, Albert G. Henry, on the bond of the said Moore as administrator of the estate of said Simon Jacobs. It was alleged in said bill, that the will of said Simon Jacobs provided, that certain personal property belonging to said Simon Jacobs, consisting of three negroes and two horses, should be sold and the proceeds divided equally between his children, 1-7 to each child, and 1-7 to two of his grand children, which property, as is alleged, was sold by said Moore and the proceeds converted by him. As an excuse for the next of kin and heirs filing this bill, it was alleged that there was no pending administration on Simon Jacobs' estate; and a history of the administration thereon by said Henry G. Jacobs, and of his removal from office, on the 11th July, 1887, in default of giving a new bond, was given; and it was averred that there were no debts owing by said estate, and there was no need of administration thereon.

This bill was, on motion of the *complainants'* solicitors, dismissed on the 27th of May, 1892, before it was ever brought to issue. Between the time of its filing and dismissal, there was no active administrator of the estate of said Simon Jacobs, since, between those dates, said Henry G. Jacobs had ceased to act as such administrator, in consequence of his removal from office in default of a bond required of him, and he had not then been re-appointed.

On the 31st day of August, 1892, letters of administration on Simon Jacobs' estate having again been issued to said Henry G. Jacobs on the 22d of August, 1892, he, as such administrator, filed his bill in the chancery court of Marshall county against the said Andrew J.

McDonald, as the administrator of the estate of said James H. Moore, and against said Albert G. Henry one of the sureties on the bond of said Moore, as administrator of said Simon Jacobs, seeking a final settlement of said Moore's estate. All the next of kin, heirs of the said Simon Jacobs, who were complainants in the other bill against said McDonald and Henry, were made defendants to the last named bill.

The prayer of this bill was, that said Andrew J. McDonald, as administrator of said Moore, and said Albert G. Henry, surety on the bond of said Moore as administrator of said Simon Jacobs, be required to make in said chancery court, a full, true and complete final settlement of the administration of said James H. Moore, as administrator of the estate of Simon Jacobs, deceased, and, on final hearing, for a decree against said Andrew J. McDonald, as administrator, and the said Henry, as surety on said bond, for whatever balance may be ascertained to be due from said Moore to the estate of said Simon Jacobs, deceased, on account of his administration of said estate, and for general relief.

After the removal of said Henry G. Jacobs from the office of administrator, on the 11th of September, 1893, the suit was revived in the name of Oliver D. Street, his successor by appointment of the probate court in the administration on the estate of said Simon Jacobs.

On the 30th of September, 1892, the said McDonald and Henry, defendants in said bill, filed their petition in said chancery court, setting up the facts touching the filing of these two bills, giving the names of the parties to each, stating the objects of each, averring in substance that the parties were essentially the same, that the facts set up in the two bills were in substance and effect the same; that the subject-matter in the two was the same, and the object of both suits was for the settlement of James H. Moore's administration of said Simon Jacobs' estate; that the costs in the former suit had not been paid, and praying the court to stay the further prosecution of this suit by said Jacobs until the costs in said former suit which was dismissed were paid. Upon consideration, the chancellor held that this and the former suit, which was dismissed, involved the same subject matter, that both suits were between the same parties substantially, and as the costs in the first

suit had not been paid, it was ordered that the further prosecution of this suit by complainant be stayed and forbidden until the costs of said former suit are paid.

Thereupon, the complainant in the second bill filed the present petition, addressed to the Judges of the Supreme Court, asking for a writ of *mandamus* to require the chancellor to set aside said order, staying proceedings, and to allow the complainant to prosecute said suit. The facts given above appear in the petition and its exhibits. Evidence was introduced on both sides, on the trial of the motion before the chancellor, which is set out in the transcript, but which it is unnecessary to notice, since no question is raised as to the identity of the parties in the suits, and of the subject matter therein referred to.

O. D. STREET, for petitioner.—To justify the court in exercising its discretion to stay the proceedings in the suit until the costs of the former suit have been paid, the cause of action in the two suits must be the same. The parties must be the same, and the proceedings in the two suits must be in the same right, and founded upon the same title.—*Keene v. Angel*, 6 D. & E. 740 ; 23 Amer. & Eng. Encyc. of Law, 528. That the cause of action must be the same, does not mean simply that the subject matter must be the same. The cause of action and the subject matter, out of which the suit may have arisen, are not synonymous. To authorize the stay, the cause of action must be the same in the legal sense ; that which is necessary when former recovery is pleaded. The test established by the authorities is; "Would the same evidence support and establish both the former causes of action?"—2 Black on Judgments, §§ 537, 725-745 ; *Woodland v. Newhall*, 31 Fed. Rep. 434.

LUSK & BELL, *contra*.—The facts averred in the petition for *mandamus* show that the two suits in chancery, therein described, were substantially the same ; and therefore the condition to stay the further prosecution in the second suit was a proper order, and the writ of *mandamus* prayed for on this petition should not be granted. *Howell v. Budd*, 27 Pac. Rep. 747; *Ligon v. Ligon*, 84 Ala. 555 ; *Ex parte Shear*, 92 Ala. 596.

To entitle the defendant to stay a proceeding until the

[*Ex parte* Street.]

costs are paid, it is not necessary that the parties shall be the same in the two suits.—23 Amer. & Eng. Encyc. of Law, pp. 527-578. If the first suit could have been amended so as to make it a suit to which the party to the second suit would have been a party, the second suit will be stayed until the costs are paid in the first suit.—1 Daniel Chancery, Pleading & Practice, 796, (5th Ed.) The parties in this suit and the parties in the former are, in law, the same. They are all of a class. They are seeking to enforce the same alleged right against the same parties defendant ; all growing out of, and a part of, the same transaction,—1 Encyc. of Pld. & Prac., 709, 710, notes ; Bayliss Trial Practice, pp. 33, 34.

HARALSON, J.—The bill, out of the filing of which, the question raised in this case arises, was filed by Henry G. Jacobs, as administrator, with the will annexed, of the estate of Simon Jacobs. It is against Andrew J. McDonald, as administrator of James H. Moore, the administrator in chief of the estate of said Simon Jacobs, and against Albert G. Henry, one of the sureties of said Moore, on his administration bond on said estate, for a final settlement and distribution of the estate of said Simon Jacobs. The names of all the next of kin and legatees of said Simon, including the name of said Henry G. Jacobs, who was one of his sons, with their ages and residences, are fully given. They are all proper, if not necessary parties to the bill, either as complainants or defendants. Whatever is received on said settlement, will go to these children and grandchildren, under and according to the will of said Simon Jacobs, and the suit is essentially in their interest. It was alleged by the complainants in the first bill filed, who were these very children and grandchildren, that there were no debts owing by the estate of said Simon ; and the only possible object of the last bill, if that be true, and there is no reason to question it, is to compel a settlement of said Moore's administration on said Simon Jacobs' estate ; to enforce the decree that may be rendered against the surety on the bond of said Moore, and for a distribution of the recovery amongst those entitled under the will. The complainant is suing as administrator with the will annexed. If there was any other object than this in the first bill filed, it is not

shown; but on the contrary it is made manifest, that there could have been no other purpose in its filing. If that suit had been successfully prosecuted to the end, it must have been done with the same results as will be accomplished by the latter suit, if successfully prosecuted,—the cause of action in the two suits, the evidence necessary for success in each, and the parties in interest in each being the same. Nothing is proposed in the last suit, which was not proposed, and which might not have been accomplished by a successful prosecution of the first. If a recovery had been had in the first, it would have been a bar to the prosecution of the second.—Black on Judgments, § 725.

It is attempted to be argued, that the first suit was for the enforcement of certain legacies, and the last was not for that purpose. But that distinction does not exist in fact between the two cases. The prayer of both bills was for a settlement of the estate of said Simon Jacobs, which settlement must necessarily be under the will of said Simon. Besides, the legacy matter which is attempted to be set up, on which to base distinction between the suits, has reference only to three negroes and two horses, that the testator ordered to be sold and the proceeds divided equally between his children and grandchildren, the grandchildren taking their parents' interest. This property, the administrator Moore sold, and converted the proceeds, for which, together with the other assets he wasted, the surety on his administration bond in this bill is sought to be made liable, as he was in the other. It baffles ingenuity, having reference to the cause of action, the parties and the results proposed to be accomplished in each suit, to draw any difference, in substance and effect between them. The chancellor was not in error in ordering the costs of the former suit to be paid, before the latter should be further prosecuted. It is well settled, that when the complainant, as here, has failed in one suit, and brings another against the same parties, or those in privity with them, for the same, or what is substantially the same cause of action, the court will stay proceedings in the second until the costs in the former suit are paid. We confine this statement to causes in equity, since what the rule, in this State is in common law cases, if different from this, is

not before us.  For a collation of the authorities  see 23
A. & E. Ency. of Law, 527.

The petition for *mandamus* is denied.

BRICKELL, C. J., not sitting.