[Southern Railway Co. v. Raney.]


# Southern Railway Co. *v.* Raney.

*Action of Assumpsit.*

1. *Pleading and practice; stay of proceedings until the payment of costs.*—The rule that the proceedings in a second case will be staid until the costs of a former action have been paid, applies only when both of the suits are founded upon the same or substantially the same cause of action; and proceedings in an action for the price of goods will not be staid until the costs of a former action of trover, for the conversion of the same goods, are paid.

2. *Same; res adjudicata.*—A judgment in an action of trover, claiming damages for the alleged conversion of goods, is not a bar to an action between the same parties, to recover the purchase price of the same goods; and a plea of *res adjudicata*, setting up the proceedings in a former action of trover, presents no defense to a subsequent action of *assumpsit* to recover the price for goods sold and delivered, and will not be sustained.

3. *Same; review on appeal when cause tried without the intervention of a jury.*—Where a case in the circuit court is tried without the intervention of a jury, and the finding of the facts depends largely upon the veracity of the witnesses, the finding of the trial judge will not be reversed on appeal, unless it affirmatively appears to the court that the judge's determination of the issue was plainly erroneous.


APPEAL from the Chancery Court of Fayette.

Heard before the Hon. SAMUEL H. SPROTT.

This was a suit brought by the appellee against the appellant. The facts of the case are sufficiently stated in the opinion.

The defendant moved the court to require the plaintiff to pay or secure the costs of the former suit before proceeding to trial in this suit. This motion was overruled, and the defendant duly excepted. The defendant also pleaded *res adjudicata*, in which he set out the facts which are stated in the opinion.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, judgment was rendered for the plaintiff. The defendant appeals, and assigns as error the rulings of the trial court to which exceptions were reserved.

[Southern Railway Co. v. Raney.]

DANIEL COLLIER, for appellant.—The motion to suspend this action till the costs of the former suit were paid or secured by the appellee should have been sustained. The former action was a trial on the merits of the case. The appellee had failed in his cause; he was the author of his own misfortune: it was his own fault that he did not bring the proper form of action; he brought costs on defendant unnecessarily. The proof shows that the costs are not paid or secured. The appellant is liable for all costs incurred at its instance. The reason of the rule above invoked is that the second suit is litigious, vexatious and oppressive. If this reasonable rule was not enforced, a litigious spirit by repeated actions, one after another, could destroy the fortunes of a righteous defendant. The only virtue that such a plaintiff would be required to have, would be to remain "execution proof." The proof shows that the appellant is liable for $5.75, costs.—*Brown v. Brown*, 81 Ala. 508; *Ex parte Shear*, 92 Ala. 596; *Ex parte Street*, 106 Ala. 102; 4 Amer. & Eng. Encyc. of Law, 329; 23 Amer. & Eng. Encyc. of Law, 527.

The plea of *res adjudicata* was conclusive, and should have been sustained. The former action was between the same parties, for the same cause of action, and was final; not of dismissal, or of non-suit. It is shown absolutely in the transcript that the evidence in the first suit was precisely the same as the evidence in the second suit.—3 Brick. Dig. 575, 580; *Cannon v. Brame*, 45 Ala. 262; Freeman on Judgments, § 259.

M. B. McCOLLUM, *contra*, cited *Ex parte Shear*, 92 Ala. 596; *Brown v. Brown*, 81 Ala. 508; *Hanchey v. Coskrey*, 81 Ala. 151; *Liddell v. Chidester*, 84 Ala. 509; *McCall v. Jones*, 72 Ala. 371; *Davidson v. Shipman*, 6 Ala. 34; *Haas v. Taylor*, 80 Ala. 464.

HEAD, J.—The appellee sued the appellant, before a justice of the peace, in trover for the conversion of cross-ties. The judgment was in favor of the defendant in the action, and against plaintiff for the costs. He subsequently brought the present action for the same ties, sold and delivered by him to the defendant. The case went by appeal to the circuit court, and was there tried by the judge without a jury—the amount involved being less than $20.

[Southern Railway Co. v. Raney.]

The defendant moved the court to stay the proceeding until the costs of the former action should be paid, proving their amount and non-payment. The court overruled the motion, and the ruling is before us for review.

The rule invoked in support of the motion clearly requires that both actions must be for the same, or substantially the same, cause. See cases collected in 23 Am. & Eng. Encyc. of Law, 527, 528 ; *Ex parte Street*, 106 Ala. 102 ; *Ex parte Shear*, 92 Ala. 596 ; *Brown v. Brown*, 81 Ala. 508. The two cases now under consideration are of radically different natures. The first was in tort, pure and simple ; the present is upon an independent contract, not growing out of, or in anywise connected with, the supposed tort. They are governed by entirely different legal principles and supported by entirely different evidence, except the identity of the commodity alleged in the one to have been converted with that alleged in the other to have been sold. The case must not be confounded with those where the first action was trover and the second assumpsit for money had and received, based upon a waiver of the tort, and seeking recovery of the proceeds of the converted property, as in the case of *Gravenor v. Cape*, 2 Bel. Rep. 741 and 3 Wilson 150, referred to in the note 23 Am. & Eng. Encyc. of Law, *supra*. There is reason for applying the rule invoked to those cases, upon the principle that the causes of action are substantially the same. The circuit court correctly overruled the motion to stay the trial.

From what we have said, it is manifest that the plea of *res judicata* cannot be sustained. The evidence necessary to support the present action, having relation to the same ties, would inevitably have defeated the action of trover, and *vice versa*. If the ties were unlawfully converted, they were not sold ; if sold they were not unlawfully converted. The two actions have nothing in common except identity of the commodity involved.

Under the well recognized rule governing the revision by this court, of the findings of fact of the trial judge, it is clear we cannot reverse the findings in this case. It appears to have been largely a question of veracity of witnesses, and the trial judge, who saw the witnesses on the stand and heard them testify, could judge better than we of their credibility. There was evidence from which the judge could have concluded

that the ties, in the contemplation of both parties, were put at the place testified to by the plaintiff, for the purpose of sale and delivery to the defendant, and were taken up and used by the agent of defendant whose business and practice it was to take up ties so placed for sale. It is true the testimony of defendant's witnesses is not disputed, that it was the rule of the company that the construction men engaged in taking up ties should take none of the particular character of plaintiff's, and none which had not been inspected and branded by the company's inspector, but in view of the prevailing custom, which was proven, of having sellers put their ties on the right of way to be taken up by defendant's agents entrusted with that duty, we do not think the seller can be held responsible for deviations on the part of those agents in taking up ties of the prohibited character or without inspection. The custom itself necessarily contemplates that ties so placed may be taken up in the absence of sellers. It does not justy imply that sellers shall always be present to see that defendant's agents comply literally with their instructions. The testimony shows that the conductor of the construction train was authorized to take, and was engaged generally in taking up ties along that section, and, though the testimony is in direct conflict upon the point, there was evidence tending to show that the said conductor took the plaintiff's ties now sued for ; and, as we have said, under the rule governing revisions by this court of the findings of fact by the trial judge, we cannot say that the judge's determination of this issue was erroneous.

We see no error in the record, and the judgment of the circuit court must be affirmed.

Affirmed.