# Jordan *v.* Jordan.

## *Mandamus.*

(Decided January 18, 1912.    57 South. 436.)

1. *Divorce; Appeal; Decisions Reviewable.*—An order made in an action for divorce denying a motion to require the complainant to pay the costs of the previous suits as a condition precedent to the prosecution of the suit, and granting complainant's petition for alimony pendente lite, and ordering a reference to ascertain the amount thereof will not support an appeal.

2. *Same; Alimony; Discretion of Court.*—The allowance to complainant of alimony pendente lite in a second suit without first requiring complainant to pay the costs of the former suit, was within the discretion of the court, especially where the plaintiff alleged that the former suit for divorce and alimony was dismissed on respondent's solicitation to effect a reconciliation, defendant agreeing to provide for her and that they should live together, and that after the dismissal of the suit defendant failed and refused to carry out his agreement.

3. *Same; Appeal; Review.*—Where counsel for defendant had notice of the time and place for the execution of the reference as to alimony and failed to appear, defendant could not except to the confirmation of the report.

4. *Judgment; Pleading in Bar.*—In an action for divorce the defense of a bar by a former action should be invoked by proper plea and not by motion.

5. *Costs; Payment; Stay of Subsequent Action.*—While the general rule is that a complainant who has failed in one suit and brings another against the same party for substantially the same cause of action, will be stayed in the second suit until the costs of the former suit are paid, the courts have some discretion in the

[Jordan v. Jordan.]

matter, and if there is a valid excuse for a failure to pay the costs of the former suit, the courts will not compel such payment as a condition precedent to permitting the second to proceed.

6. *Mandamus; Alimony; Vacation of Decree.*—Mandamus is the proper remedy to require the lower court to stay proceedings in a divorce action until complainant pays the costs of previous suit, and also to show cause why the order denying the alimony should not be vacated.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Mandamus by John J. Jordan, defendant-appellant in an action for divorce brought by Annie Jordan, praying in the alternative that, upon denial of a motion to require the adverse party to pay costs of previous suits as a condition precedent to prosecution and to vacate allowance of alimony pendente lite, to require the Jefferson circuit court to stay proceedings until payment of costs, and to show cause why the order allowing alimony should not be vacated. Appeal dismissed, and mandamus denied.

PINKNEY SCOTT, for appellant. The dismissal of the first suit was equivalent to a hearing on the merits and an end of the litigation.—Rule 28, Ch. Pr.; *Strange v. Moog,* 72 Ala. 460. The motion of the appellant then should have been granted.—*Burgess v. A. M. Co.,* 119 Ala. 669, and authorities supra. Both suits were filed in the same cause of action against the same party, and a stay of proceedings should have been had until the costs in the former suit were paid.—*Hamilton v. Maxwell,* 119 Ala. 25; *Ex parte Street,* 106 Ala. 107; *Ex parte Sherror,* 92 Ala. 596. If it be said that an appeal will not lie from these orders, then the alternate writ of mandamus, which is also prayed, is the proper remedy. —*Ex parte Jones,* 55 South. 491; *Brady v. Brady,* 144 Ala. 414.

J. B. AIRD, for appellee. The orders here complained of are not final decrees or such interlocutory orders as will support an appeal under the statute.—Secs. 2837-8, Code 1907; *Mabry v. Dickens,* 31 Ala. 243; *Davis v. Yoe,* 43 Ala. 692; *Nabors v. Morris,* 103 Ala. 544; *McKleroy v. Gadsden,* 126 Ala. 190; *Brady v. Brady,* 144 Ala. 419; *Sumter v. Hill,* 157 Ala. 233. Counsel discusses the right to alimony pendente lite with citation of authority not necessary to be here set out. Counsel also insists that the requirement of payment of cost of former suit as a condition precedent was within the discretion of the trial court and that it was properly exercised in this case.—*Ex parte Colley,* 140 Ala. 195; *Ex parte Haynes,* 92 Ala. 120.

ANDERSON, J.—This appeal seems to be prosecuted from the action of the court in failing to sustain the appellant's motion to require the complainant to pay the costs of the previous suits as a condition precedent to a prosecution of the case at bar, and to the granting of the complainant's petition for alimony pendente lite, and in ordering a reference to ascertain the amount. None of these orders are appealable.—*Brady v. Brady,* 144 Ala. 414, 39 South. 237.

The appellant has, however, prayed in the alternative in a motion for the writ of mandamus to be addressed to the lower court requiring it to stay the proceedings until the cost is paid and to show cause why the order allowing alimony should not be vacated, and mandamus is no doubt the proper remedy.—*Brady v. Brady, supra; Bradshaw's Case,* 174 Ala. 243, 57 South. 16.

Regardless of the rule as to actions at law, it is well settled in equity that when the complainant, as here, has failed in one suit, and brings another against the same party for the same, or what is substantially the

same cause of action, the court will stay the proceedings in the second until the costs in the former suit are paid. —*Street's Case,* 106 Ala. 102, 17 South. 779; *Brown v. Brown,* 81 Ala. 508, 2 South. 95. Whether or not it is the imperative duty of the court to stay the proceedings and the matter is not therefore discretionary in actions at law we need not decide. In equity, however, the rule has its limitations, and it would seem that the chancery court would have some discretion in the matter, if a proper excuse is shown.—*Updike v. Bartles,* 13 N. J. Eq. 231. "A court of equity will be governed by the circumstances of each case, and, where there is a valid excuse given for the failure to pay the cost incurred in the former action, it will not compel such payment as a condition of permitting the second to proceed."—*N. P. Co. v. Mertes,* 35 Nev. 207, 52 N. W. 1100. In *Stebbins v. Grant,* 19 Johns. (N. Y.) 196, the court recognized the rule at common law, but refused to apply it in equity.

We cannot put the trial court in error for declining to stay the proceedings until the cost in the former suit was paid. The complainant answered the motion under oath, that the former suit was dismissed by her without seeing her counsel, upon the solicitation of the respondent, for the sole purpose of effecting a reconciliation; "that, if she dismissed the pending suit, he would provide for her, and give her money to live on, and that they would go back together as man and wife," and, after she had dismissed said suit, he flatly refused to carry out his promise. This answer was sworn to, and we are not inclined to put the trial court in error for proceeding to award the complainant alimony pendente lite without first requiring her to pay the costs of the former suit.

The record shows that the respondent's counsel had notice of the time and place for the execution of the

reference, and failed to appear. The respondent, having failed to appear before the register or master, could not except to the report, and which said report was properly confirmed when read.

Whether or not the former suit was a bar to the present suit, the case not having been disposed of after being set down for the hearing on its merits, or because dismissed at the instance or request of the respondent, we need not decide, for, if it is a bar, a question extremely doubtful, the defense should be properly invoked by a plea, and not by the motion in question.

The appeal is dismissed, and the manudamus must be denied. All the Justices concur, except DOWDELL, C. J., not sitting.