# Jordan *v.* Jordan.

## *Divorce.*

(Decided November 21, 1913.  63 South. 1024.)

*Divorce; Bill for; Dismissal; Grounds.*—The fact that the wife had instituted previous suits for divorce on the same ground, but had failed to prosecute them to effect, dismissing her bills, is no ground for dismissing the subsequent bill filed for divorce by the wife.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Bill by Annie Lou Jordan against J. J. Jordan for divorce and alimony. Decree for complainant, and respondent appeals. Affirmed.

The motion to dismiss was based on the fact, as set up, that in December, 1907, this same complainant filed a bill against this respondent in the city court of Bessemer, based upon a similar charge to the charges made and preferred in this suit, had reference in said cause, took her testimony, and procured a report of the register in reference to alimony and solicitor's fees, which the said city court declined in a proper decree in said cause to grant her, and that she then procured and had rendered a decree dismissing her said bill out of said court. A motion further alleges the filing of three other

bills by complainant against respondent, none of which she prosecuted to effect.

PINKNEY SCOTT, for appellant. The court erred in refusing to dismiss the bill.—Rule 28, Ch. Pr.; *Lestrange v. Moog*, 72 Ala. 460; *Burgess v. A. M. Co.*, 119 Ala. 669; *Hamilton v. Maxwell*, 119 Ala. 25; *Ex parte Street*, 106 Ala. 107; *Ex parte Sherer*, 92 Ala. 596.

J. B. AIRD, for appellee. There is no merit in the motion to dismiss the bill.—*Williams v. Wood*, 121 Ala. 539; *Moog's Case;* 72 Ala. 464; *Jordan v. Jordan*, 57 South. 436.

McCLELLAN, J.—Bill for divorce, by the wife, Annie Lou Jordan, against J. J. Jordan, appellant, upon the ground established by Code, § 3795. The motion to dismiss this cause was properly overruled.—*Jordan v. Jordan*, 175 Ala. 640, 57 South. 436.

The evidence has been carefully considered, in the light of the argument submitted for appellant. Our conclusion accords with that prevailing with the court below. The averment of actual violence inflicted by appellant on appellee is supported by the preponderance of the evidence coupled with corroborating circumstances shown. The evidence shows appellant to have been an industrious, sober man, and appellee to have been a capable housewife, willing and industrious.

In accordance with the insistence of the solicitor for the appellant, the letters, written by appellee to appellant, have been given particular consideration. These letters evince the entertainment by appellee, at the time they were written, of a very ardent affection for appellant. When this fact is considered in connection with assertions in the letters that she would or should take

[Brewer v. Nashville, Chattanooga & St. Louis Ry. Co.]

the blame for the unhappy condition prevailing, it may well be attributed to the writer's idea of the best way by which to promote her return to her husband—a hope and desire that was there given pathetic expression.

There is no error affecting the decree.

Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.