DONALD *et al.  v.* STAUFFER *et al.**

(Division B.   Dec. 14, 1925.)

[106 So. 357.   No. 25305.]

1. SCHOOLS AND SCHOOL DISTRICTS. *Taxpayer may not have trustees enjoined from illegally discharging one teacher and employing another.*

Though trustees of a school district in discharging one teacher and employing another are acting illegally, yet they are acting within the scope of their duties, and so cannot be enjoined at suit of a taxpayer.

2. SCHOOLS AND SCHOOL DISTRICTS. *Acts of trustees having color of office none the less legal because of their illegal election.*

Though trustees of a school district be illegally elected, yet, being in charge of the offices and performing the functions thereof, they have color of right to perform their official duties, and their acts and contracts are none the less legal.

---

*Headnotes 1.   Schools and School Districts, 35 Cyc., pp. 1050, 1077; On right of taxpayer to enjoin removal of teacher, see note in 51 L. R. A. (N. S.) 336.   24 R. C. L., p. 619; 2. Schools and School Districts, 35 Cyc., p. 886.

APPEAL from chancery court of Tallahatchie county.
HON. C. L. LOMAX, Chancellor.

Suit by G. L. Donald and others against J. F. Stauffer and others, trustees. Bill dismissed, and complainants appeal. Affirmed.

*Cutrer & Smith* and *Hayes, Stingily & Whitten,* for appellants.

If the action of the trustees in this case is sustained, then notwithstanding adjudications to a contrary effect, teachers and superintendents of schools may be summarily dismissed, according to the whims of any board of trustees of any school in the state, and contracts entered into by and between teachers and superintendents and trustees of schools will be mere scraps of paper without binding effect, morally or legally. For, while Campbell is not a party, yet the validity of his contract must be determined. As a matter of law the contract made and entered into with Campbell is challenged. The contract was for one year, authorized by section 126, paragraph 8, chapter 283, Laws of 1924, and by paragraph 10 of the same section of the same act. It is regular in every respect.

The board had a right to elect at its February meeting before the new men came into office. *Yerger* v. *State,* 91 Miss. 802; *Moon* v. *Schools, City of South Bend,* 98 N. E. 153. The statute does not attempt to fix the time but leaves the matter to the discretion of the board. *Gates* v. *Smith* (Ark.), 10 L. R. A. (N. S.) 186.

The third ground of the demurrer challenges the complainants' right to maintain this bill because they have an adequate remedy at law. It must be that the defendant in writing the demurrer confuses Mr. Campbell's rights with the rights of these taxpayers. Certainly, the taxpayers have no remedy at law. The learned counsel has never been able to point out what remedy of law they had. We challenge him to do so now.

But even if this were a suit by Campbell, though it is not and no court on earth has a right to assume that it is on the face of these pleadings, he had a right, if not

140 Miss.—48.

as superintendent, certainly as a teacher, which he could go into a court of equity to protect and to protect which he had no remedy at law. *Brown* v. *Owen,* 75 Miss. 319; *Whitman* v. *Owen,* 76 Miss. 783. However, the court's attention is re-called to the fact that this is not a suit by Mr. Campbell, but is a suit by some thirty taxpayers of the school district.

The demurrer in the fourth place challenges the right of the complainants because, the defendants say, the teacher and superintendent has been discharged already and, therefore, the court cannot enjoin the doing of a thing which has been done. In such case, of course, the injured party is necessarily left to his remedy at law.

In this case, the teacher had not been discharged. The superintendent had not been discharged. Mr. Campbell had not been discharged for the reason that the board of trustees of the Tutwiler separate district is a board of inferior and limited jurisdiction, with no power except such as is expressly granted to it, or necessarily implied, to give force and effect to some expressed power. This expressed power had been exercised. A contract had been entered into with Campbell the superintendent and Campbell the teacher. He had acquired rights under that contract. The board of trustees had exhausted its power. It did not have under the law the power which it attempted to exercise, that is, the power to discharge Campbell. If, of course, it did not have the power, it was usurping a power. Any exercise of a usurped power is void. So Campbell, in fact, had not been discharged, and could not be discharged except in strict compliance with the statutory law governing such cases. Paragraph 26, section 23, chapter 283, Laws of 1924, contains the only expressed power for the discharge of teachers in a public school.

It is true that it is provided in this section that "the county superintendent may suspend or remove a teacher or trustee from office except in separate school districts." This exception, however, goes only to the office which

may exercise the power under the general scheme of the school law, in separate school districts; the trustees are given the powers of county superintendent. The causes for which a teacher may be suspended or discharged, and the procedure which must be followed in discharging a teacher remains precisely the same. This control of separate school districts is vested in the trustees by section 125, chapter 283, Laws of 1924. Nowhere is a board given an arbitrary power to discharge without cause. If these two sections of the act do not give power to discharge, it has no such authority expressly delegated to it. In that case, the law of contracts would apply. Under that law even, one may not always be discharged arbitrarily without cause. He could be so discharged if he had no right which could not be compensated for in damages; but, if he has, he would have a right to specific performance. In the case of a licensed teacher, there are rights which cannot be compensated for in damages—a teacher has the right to teach under his contract, and to invoke the remedies of law to enable him to so do. Owen case cited *supra.* 75 Miss. 319; 76 Miss. 783.

It follows that, under either view of the case, whether under the section referred to or under the general law of contracts, the board could not discharge Campbell. It, therefore, had not done so. Attempting to do so, it was attempting to usurp authority. The usurpation would have caused the taxpayers to be burdened with unlawful taxation. They, therefore, had a right to an injunction.

In discussing the first ground of demurrer, we should assume that if there appears on the face of the bill no contract executed, or if the contract was void for any reason, or if the taxpayers have no right to bring this suit, that the demurrer ought to have been sustained. We have already discussed the proposition as to the right of the taxpayer. Our court has never adjudged a case with exactly the same state of facts, but the elementary right of taxpayers in such case; that is, to pro-

tect themselves against usurpation of authority and against unlawful expenditure of money to be raised by taxation, is to be taken as well settled by our court. *Hobbs* v. *Germany,* 94 Miss. 469 at 476.

When rights of a citizen are involved, he is not limited to statutory appeal in the school administration, but the courts are open to him. *Moreau* v. *Grandich,* 114 Miss. 560.

Since the officers of this school are the parties to the wrong complained of and since the taxpayers are liable to be plundered and the property-holders on whom the loss will eventually fall are without effectual remedy, the citizens and property-holders of the school district bring this suit. *Rowez* v. *Pierce,* 75 Miss. 846. "A resident taxpayer is not without legal capacity to maintain for himself and on behalf of the village an action against the municipal authorities to enjoin the unauthorized expenditure of funds of the village." *Pierce* v. *Hagans,* 86 N. E. 519, 36 L. R. A. (N. S.) 1.

An injunction may be had against a tax levied by the board of supervisors in a matter over which it had no jurisdiction. *Browning* v. *Mathews,* 73 Miss. 343. We submit that these complaining taxpayers had a right as such to enjoin unlawful expenditure of money.

We respectfully submit that under the well established law in Mississippi and elsewhere the complainants have resorted to the only course open to them under the law; that they have no remedy at law; and their only remedy is the manifest remedy of injunction to prevent the new board from dissipating the money in the treasury of the district, which they themselves have paid in, and which if exhausted and dissipated, they in the last analysis must suffer therefor.

*F. H. Montgomery,* for appellees.

I.   *There is no equity in the face of the bill.* As trustees, it was not only the privilege but the duty of the

defendants to select a superintendent for their school who was fit and suitable. In this matter, the judgment and discretion of the trustees cannot be called into question or inquired into by the courts at the instance of private citizens, even though taxpayers and patrons of the school. The individual taxpayer and patron of a school has no vested right to the employment of any particular person as superintendent. All that he can require is that the school be maintained and kept open under the charge of proper, qualified and competent instructors, as provided by law, and that his children be afforded equal educational facilities with others residing within the school district. He has no authority in law or equity to compel the employment or retention of any particular person or superintendent. On the other hand, this power has been committed to a board of trustees as the properly constituted agencies of society.

A search for precedents in cases similar to the case at bar reveals rare instances in which individuals have thought they had the right to control this discretion invested in the trustees; and have sought the aid of courts to substitute their judgment and discretion for that of the board of trustees. Such cases as we have, however, have spoken in certain terms, without exception, in denying this supposed right. *Schwier* v. *Zitike*, 36 N. E. 30; *Greer* v. *Austin*, 40 Okla. 113; 136 Pac. 590, 51 L. R. A. (N. S.) 336 and note; *School District* v. *Carson*, 9 Colo. App. 6, 46 Pac. 846; *State ex rel. Sittler* v. *Board of Education* (N. M.), 135 Pac. 96, 49 L. R. A. (N. S.) 62; *State ex rel. Reed* v. *Board of Education* (Wis.), 76 N. W. 351; *State ex rel. Llewellen* v. *Smith*, 69 N. W. 114.

No case has been cited in the brief filed on behalf of the appellants which even tends, in our judgment, to support the contention that a court of equity will lend its powers by writ of injunction to control the discretion of a board of trustees, either in the selection of a school teacher or school official, or in the retention of a school official or teacher already contracted with.

In Mississippi all school officials and teachers exercise their offices by virtue of contract and not by tenure. Chapter 283, Laws of 1924, expressly confers upon the trustees the right to elect superintendents, principals and teachers, to prescribe their powers and duties, and to contract with them for a term of years not exceeding three years. The relation existing between a superintendent and teacher for a school district is wholly contractual. The law does not invest them with any public tenure. The school laws in this respect have recently been construed by this court in *Lander* v. *Tolbert,* 112 Miss. 592. Neither *Brown* v. *Owen,* 75 Miss. 319, nor *Whitman* v. *Owen,* 76 Miss. 783, touch any question involved in the case at bar.

II. *The bill does not show such an unlawful incurring of obligations on behalf of the school district as to warrant the interposition of a court of equity by injunction.* The complainants seek to establish an equitable right in the premises by charging that the act of the board of trustees in discharging Campbell as superintendent of the school would subject the school district to liability on account of breach of contract, and to the payment of other costs and expenses not specified in the bill.

It will be noted that Campbell is not a party to this suit. This fact is emphasized by the brief filed by complainants. There is no showing that he expects or intends to undertake to hold the district to the alleged contract made with him. There is no sufficient allegation that he was wrongfully discharged. There is no show- ing that Campbell will, in fact, suffer any damages by reason thereof, granting that he was discharged in violation of his alleged contract. Furthermore, to sustain the bill, the court must assume that the defendants unlawfully breached their contract with Campbell and that the board would not be able to successfully defend in a damage suit filed by Campbell for a breach of contract. Section 26, chapter 283, Laws of 1924, commonly called ''The School Code,'' provides how a county superintend-

ent of education may suspend or remove a teacher or trustee. The court will notice that this remedy is limited to a superintendent of education. No such limitation is placed on the trustees of a separate school district. The powers and duties of the trustees of a separate school district are embraced in chapter 15, chapter 283, Laws of 1924. It will be noted that nowhere within that part of the school code, applicable to school trustees, is it provided that school trustees in separate school districts must indict such teacher and give him a hearing before removing him. See *Lander* v. *Tolbert,* 121 Miss. 592 at 613.

Section 26, chapter 4, chapter 283, "School Code" of 1924, is written in identically the same language as section 7551, Hemingway's Code, section 4504, Code of 1906, section 3986, Code of 1892. There is nothing in the "School Code" which limits the board of a separate school district in its power to discharge a teacher for any sufficient cause, without a hearing and without a trial. The right to hire teachers and other school officials presupposes the right to dismiss them. The right of dismissal is absolute and cannot be bargained away or limited by contract. Unless otherwise provided by statute, the board of trustees has the implied power to dismiss a teacher at any time for any adequate cause. *Marion* v. *Board of Education* (Calif.), 32 Pac. 643; 24 R. C. L. 197; *Freeman* v. *Born* (Mass.), 49 N. E. 435, 39 L. R. A. 510; *Gilliam* v. *Board* (Wis.), 58 N. W. 1040; 24 L. R. A. 336; 24 R. C. L. 618.

III. *The bill shows on its face that Campbell had no contract with the board of trustees which was legally enforcible.* The School Code of 1924 nowhere gives any person the right to sue a separate school district either for contract or tort. A school district is a governmental subdivision of the state, and, therefore, it is not subject to suit unless made so expressly or by necessary implication by some statute. Nowhere in the School Code can authority be found for maintaining a suit against a sep-

arate school district as such. *Ayres* v. *Board of Trustees,* 134 Miss. 363; *Nabors* v. *Smith,* 135 Miss. 608.

IV. *The bill shows on its face that the complainants had a complete and adequate remedy at law.* The ground of the demurrer is expressly sustained by the following authorities: 24 R. C. L. 619; *Greer* v. *Austin,* 51 L. R. A. (N. S.) 336; *State* v. *Board of Education,* 49 L. R. A. (N. S.) 62; *Schwier* v. *Zitke,* 36 N. E. 30.

V. *The bill shows on its face that the acts sought to be enjoined had already happened.* "Rights already lost and wrongs already perpetrated are beyond the scope of injunctive relief." *McDonald* v. *Hurt,* 92 Miss. 197; *Goodwin* v. *State,* 102 So. (Ala.) 718.

VI. *The bill seeks to enjoin breach of contract for personal service, which courts of equity refuse to do.* Courts will refuse to enjoin a breach of contract for personal services. 22 Cyc. 856; *Sims* v. *Lumber Co.,* 96 Miss. 499; *Y. & M. V. R. R. Co.* v. *Payne,* 93 Miss. 50; *Jones* v. *Miss. Farm Co.,* 116 Miss. 295; *Greer* v. *Austin, supra; State* v. *Board, supra; Schwier* v. *Zitke,* 36 N. E., *supra.*

VII. *The bill shows on its face that it is a proceeding to enjoin the defendants from the performance of an official duty, which rests entirely within the discretion of the defendants.* It is elemental that extraordinary process will not issue to control the discretion of a public officer. A trustee of a school is a public officer. *Ellis* v. *Greaves,* 82 Miss. 36.

The matter of the selection of a superintendent or teacher for a school or the retention of the same is committed to the discretion of the board of trustees of the school, and extraordinary process will not issue to control the discretion of the trustees in this respect. *State* v. *West Point,* 50 Miss. 638; *Vicksburg* v. *Rainwater,* 47 Miss. 547; *Robinson* v. *Ittawamba County,* 105 Miss. 90; *Rottenbury* v. *Yalobusha County,* 67 Miss. 470; *Goodwin* v. *State,* 102 So. (Ala.) 718.

ANDERSON, J., delivered the opinion of the court.

Appellants, G. L. Donald and others, taxpayers of the Tutwiler separate school district, filed their bill in the chancery court of the second district of Tallahatchie county against appellees J. F. Stauffer, H. Browning, and J. W. Gibbens, trustees of the municipal school of said district, by which appellant sought to enjoin appellees from discharging A. C. Campbell who had theretofore been employed by appellees as principal of said school for the scholastic year 1925-1926, and from employing another person as such superintendent for the period mentioned in the place of said Campbell. A temporary injunction was issued which was dissolved by decree of the trial court on demurrer to the bill and motion to dissolve, the decree dismissing the bill and granting an appeal to settle the principles of the cause.

The bill makes substantially the following case:

A. C. Campbell was by appellees, as trustees of the Tutwiler separate school, employed to "teach and superintend" said school for the nine months' session of 1925-1926, and in pursuance of such employment, appellees, as such trustees, entered into a valid contract with said Campbell covering his duties and compensation for his services as such teacher and superintendent, and afterwards, without any authority of law, and without any cause, no charges having been preferred against him, appellees discharged said Campbell, or attempted to discharge him, by an order entered on their minutes to that effect, and undertook to elect and contract with another to fill the vacancy made by his removal in that manner. Campbell was a duly licensed teacher, and otherwise capable and qualified in every respect for the position to which he had been elected, and by reason of the action of appellees as such trustees the taxpayers of the school district were about to be subjected to the levy of sufficient tax to pay the salaries of two superintendents instead of one, and therefore appellants as taxpayers of said district

were so interested that they were entitled to enjoin appellees from carrying out their said purpose.

Campbell was not made a party to the cause either as complainant or defendant. The parties are the trustees of the Tutwiler separate school district, defendants in the court below and appellees here, and a large number of the taxpayers of the school district who were complainants in the court below and appellants here. Therefore Campbell's interest in the subject-matter of the litigation is entirely eliminated, except in so far as it may affect the rights of the parties to this cause.

Appellants' position is that, as taxpayers of the school district, they had the right to resort to injunction to prevent appellees, as trustees of the district, from violating their contract with Campbell, because it might entail an additional tax burden on the taxpayers of the district. Appellees' position is that, even though it be true that in discharging Campbell and employing another in his place they violated their contract, which might result in additional burden on the taxpayers, nevertheless such alleged illegal acts cannot be controlled by injunctive proceedings; that in the employment and discharge of a superintendent of the school, although they may have acted illegally, still they were acting within the scope of their duties as trustees, within which their judgment and discretion cannot be controlled by injunction. *American Oil Co.* v. *Interstate Wholesale Grocers* (Miss.), 104 So. 70, although not directly in point, has, in our judgment, material bearing on the question. The board of supervisors of Marion county leased a part of the courthouse square. A taxpayer of the county owning nearby property sought to have the lease canceled on the ground that it was entered into by the county in violation of law. The complainant was a taxpayer, and alleged that he would be damaged financially by the carrying out of the lease. The lessee and the county were made parties defendant. The court held that a taxpayer could not maintain a suit on behalf of the taxpayers of the county with-

out specific statutory authority authorizing such an action. The court said in that case, among other things, that it would be manifestly confusing to the public business and troublesome to the officers charged with the administration of public affairs "if any citizen of the county were permitted to challenge the legality of the action of the board of supervisors in making contracts on behalf of the county."

There is no claim on the part of appellants to any statutory authority to maintain their bill. The acts of appellees sought to be enjoined were not *ultra vires,* for they were acting in reference to a matter about which they were given authority by statute to act. They were therefore acting within the scope of their authority, although their action may have been illegal. As a taxpayer and patron, all that one has a right to require is that the public school be opened under a competent superintendent and teachers, as provided by law, and that his children be allowed to attend the school and be afforded equal educational facilities with other children in attendance. He has no authority by law to compel the employment or retention of a particular superintendent or teacher. If such claims of taxpayers and patrons of the public schools were recognized, the conduct of such schools would be rendered impracticable. The employment of superintendents and teachers for public schools is a duty imposed by law on the trustees of said schools, and the discretion of such trustees as to whom they will employ cannot be controlled by injunction at the instance of taxpayers or patrons. Such questions are public, not private. If evils exist through the action of the trustees in the performance of their duties, the remedy is the selection of others in their stead. *Lewellen* v. *Smith,* 49 Neb. 755, 69 N. W. 114; *State ex rel. Sittler* v. *Board of Education,* 18 N. M. 183, 135 P. 96, 49 L. R. A. (N. S.) 62; *Board of Education* v. *Reed,* 100 Wis. 455, 76 N. W. 351.

The trial court refused appellants' application to amend their bill so as to allege that appellees were not

in truth and in fact trustees of the Tutwiler separate school district. Under the allegations of appellants' bill, however, appellants were in charge of the offices as such trustees, and were acting as such. The amendment sought to be made, therefore, in our judgment, was immaterial. Although school trustees may have been illegally elected to the offices which they hold, if they are in charge of such offices and performing the functions thereof, they thereby have color of right to perform their official duties and their acts are legal. *Whitman* v. *Owen, County Superintendent,* 76 Miss. 783, 25 So. 669.

*Affirmed.*