(130 So. 206)

### Ex parte STATE ex rel. HILLHOUSE.

### HILLHOUSE v. HILLHOUSE.

### 6 Div. 653.

Supreme Court of Alabama.
June 19, 1930.

Rehearing Denied Oct. 23, 1930.

W. H. McGowen and G. R. Hubbard, both of Birmingham, for appellee.

W. A. Weaver, R. D. Coffman, and Walter S. Smith, all of Birmingham, for appellant.

THOMAS, J.

The petition is for mandamus to require the circuit judge "to dismiss" a pending cause "for non-payment of costs" within ten days, or that he be "directed to set aside, annul, and vacate any orders or decrees rendered since the taking of the appeal," etc.

The documents exhibited were: Nina May Lawson Hillhouse's original bill for annulment of her marriage with petitioner, No. 27759; her bill for divorce thereafter filed, No. 28212; motion of respondent on the ground that former bill was dismissed without payment of costs, and that same be required; objections to the ascertainment and allowance of alimony and solicitor's fees; the order of said court that costs in No. 27759 be paid, and other proceedings be stayed "until said costs have been paid"; the motion of said Nina May Lawson Hillhouse to "set down for oral hearing, said cause No. 28212"; the order thereon setting a day for such "oral

hearing"; the motion of R. C. Hillhouse, Jr., to vacate and annul such order or decree, and that to dismiss cause No. 28212 for failure to pay costs within ten days, as required and as was done in case No. 27759; the decree overruling said motion on the stated ground and for said reasons, to the effect that "it appearing that all costs which have accrued in the former cause having been paid the Court is of the opinion that said respondent is not entitled to the relief prayed. It is therefore ordered, adjudged and decreed by the Court that said motion to dismiss be and it hereby is overruled."

Further exhibits to this petition are:, The demurrers filed to the bill in No. 28212; decree overruling said demurrers; the petition for reference to the register to ascertain and report as to respondent's estate and what would be reasonable allowances for alimony pendente lite and solicitor's fees. Petitioner further says:

"1. This above styled cause No. 28212, is now pending in the Supreme Court of Alabama, on appeal from this Honorable Court, and this Court has no authority nor jurisdiction over said cause while said appeal is pending.

"2. This court has no authority to entertain and decree upon the motion now presented, while said appeal is pending involving the equity of the bill upon which this motion is based."

And the "Decree of Reference" was made and submitted to the register to ascertain and report as follows:

"1st. What estate, if any, the Complainant has.

"2nd. What estate, if any, the Respondent has.

"3rd. What, if any, would be a reasonable sum to be allowed the complainant out of the estate of the respondent as alimony pendente lite.

"4th. What, if any, would be a reasonable amount to be allowed the complainant as Solicitor's fees for representing her in this cause."

The answer to this petition for the circuit judge, among other things, said that he made the order for payment of costs and stay of proceedings "until said costs have been paid"; motion was made to dismiss and overruled; that the records in the sheriff's office of said county "disclosed that costs in case No. 27759 had been paid *eleven days* after rendition" of order requiring payment; that—

"On April 29th, 1930, the complainant re-filed his motion for a reference to the Register to ascertain:

"(a) What estate, if any, the complainant has.

"(b) What estate, if any, the defendant has.

"(c) What, if any, would be a reasonable sum to be allowed the complainant out of the estate of the respondent as alimony pendente lite.

"(d) What, if any, would be a reasonable sum to be allowed the complainant out of the estate of the defendant as solicitor's fees, pendente lite.

"Such request for reference having already been filed in the original bill and also such motion had been filed previous to the submission on the demurrer."

The applicable provisions of the statute adverted to and held to apply only at law are:

"Whenever a suit has been dismissed or nonsuit taken, or when there has been one judgment in favor of the defendant in an action of ejectment, at the time of the filing of another suit, involving the same claim, cause of action or land, between the same parties or their privies, the party filing the new suit must also pay into court all costs incurred in the former suit, and, upon his failure to do so, the judge, upon motion of the defendant or any other party in interest shall dismiss said action; but upon good cause shown, the judge may permit the party to pay such costs within ten days and proceed with the suit." Section 7222, Code of 1928; Ex parte Canada Life Assur. Co., 217 Ala. 210, 115 So. 244.

That is to say, if results of both suits are the same as to the same parties or their privies—or what is substantially the same cause of action—the costs should be ordered and required to be paid before procedure in a subsequent suit in equity is largely in the discretion of the chancellor. Ex parte Street, 106 Ala. 102, 17 So. 779; Jordan v. Jordan, 175 Ala. 640, 57 So. 436; Code, § 6655; Manning v. Carter, 201 Ala. 218, 77 So. 744; Porter v. Henderson, 204 Ala. 564, 86 So. 531; Dunn v. Harris, 214 Ala. 120, 106 So. 798.

And the new statutes, sections 7221, 7222, Code 1928, were intended to extend their provisions to cases at law.

In Jordan v. Jordan, 175 Ala. 640, 643, 57 So. 436, 437, the Chief Justice discussed the matter on mandamus as to such orders in suits for divorce and allowances of alimony pendente lite, and said that in equity the rule has "its limitations" and: "A court of equity will be governed by the circumstances of each case," and declined to "put the trial court in error for declining to stay the proceedings until the cost in the former suit was paid. The complainant answered the motion under oath, that the former suit was dismissed by her without seeing her counsel, upon the solicitation of the respondent, for the sole purpose of effecting a reconciliation; 'that, if she dismissed the pending suit, he would provide for her, and give her money to live on, and that they would go back together as man and wife,' and, after she had dismissed said suit,

he flatly refused to carry out his promise. This answer was sworn to, and we are not inclined to put the trial court in error for proceeding to award the complainant alimony pendente lite without first requiring her to pay the costs of the former suit."

In the Jordan Case, supra, and Ex parte Apperson, 217 Ala. 176, 115 So. 226, decisions proceed on the assumption that the chancellor has some discretion if proper cause is shown. The statute uses the words "good cause shown," section 7222, Code of 1928, which apply at law and not to equity.

The case of Ex parte Bradshaw, 174 Ala. 243, 57 So. 16, was to the effect that trial courts may be compelled by mandamus to dismiss a suit in which security for costs has not been given by a nonresident plaintiff, when filing a suit or within the time fixed by the trial court for the giving of such security. And in quo warranto the giving of security for costs was held under the statute a prerequisite to proceedings without security for costs being first given. Evans v. State ex rel. Sanford, 215 Ala. 61, 106 So. 357.

These cases are not as that before us. The former suit by this complainant was for annulment of marriage for fraud; the latter suit was for divorce on statutory grounds stated—adultery and reasonable apprehensions of actual violence at the hands of the husband and petitioner here. There was no excess of authority in the trial court in proceeding with the cause after costs were actually paid on the "eleventh day after rendition of said decree," or requiring payment of costs in case No. 27759.

Does the fact that there is an appeal taken on the ruling on demurrer in the main suit for divorce prevent the ascertainment and report by the register? We have held not. Ex parte Apperson, 217 Ala. 176, 179, 115 So. 226; section 7417, Code. See, also, Lawrence v. Lawrence, 141 Ala. 356, 37 So. 379; Ex parte King, 27 Ala. 387; Ex parte Spafford, 199 Ala. 300, 310, 74 So. 358; State ex rel. Sellers v. Murphy, Judge, 207 Ala. 290, 92 So. 661; Ex parte State ex rel. Tissier, 214 Ala. 219, 106 So. 866.

In the case of Ex parte Farrell, 196 Ala. 434, 71 So. 462, L. R. A. 1916F, 1257, there was a final decree and appeal to test the right of such allowances as alimony and attorney's fees. So in Ex parte Hood, 107 Ala. 520, 18 So. 176; Bell v. King, 210 Ala. 557, 98 So. 796; Kinney v. White, 215 Ala. 247, 110 So. 394; Anders Bros. v. Latimer, 198 Ala. 574, 73 So. 925; Ex parte Cudd, 195 Ala. 80, 70 So. 721, there were final decrees; hence the whole case was held to have been removed to this court by the appeal.

This case is different and supports the action of the trial court pending the appeal on demurrer (Apperson v. Apperson, 217 Ala. 157, 159, 115 So. 229), to have the ascertainment made by the register as preliminary to the order for temporary support of the wife, and the allowance to her of a sum for attorney's fees to enable her to further prosecute her suit for divorce and upon the appeal therein.

The writ is denied.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.