## Ex Parte KING.

[APPLICATION FOR MANDAMUS TO CHANCELLOR.]

1. *Jurisdiction of chancellor, pending appeal from final decree granting divorce a vinculo, to allow temporary alimony.*—On bill filed by the wife, asking a divorce *a vinculo,* an interlocutory order was made for the allowance of temporary alimony, and on final hearing a decree was rendered in her favor; a reference to the master was also made, to ascertain and report the value of the defendant's estate, and it was further ordered that the cause "be retained in court for further orders"; and from this decree, before the report came in, the defendant took an appeal: *Held,* that the chancellor, notwithstanding the suing out and pendency of the appeal, had jurisdiction to grant an order, on the petition of the wife showing a necessity for it, to secure the prompt payment of the quarterly allowances made by the previous interlocutory decree, and to require the defendant to pay the complainant's solicitors such further sum as might be a reasonable compensation for their services in defending the appeal.

2. *Mandamus lies, in favor of wife, on chancellor's refusal to allow temporary alimony pending suit for divorce.*—The wife has a right to a support out of her husband's estate, pending a suit for divorce against him, and also to such sum as is necessary to procure solicitors to conduct the suit for her; and when this right is denied by the chancellor at any time before permanent alimony is finally set apart to her, a *mandamus* will be awarded from the Supreme Court, to compel him to make the necessary order, as there is no other adequate and specific remedy.

APPLICATION for *mandamus* to the Hon. Chancellor JAMES B. CLARK, presiding in the Chancery Court of Macon. The

facts, on which the application is based, are stated at length in the opinion of the court.

JAS. E. BELSER and GEO. W. GUNN, for petitioner.

CLOPTON & LIGON, *contra*.

RICE, J.—In February, 1854, Mrs. King filed her bill in the Chancery Court of the 13th District of the Middle Chancery Division, against her husband, for a divorce *a vinculo*, and for an allowance out of his estate, upon the ground that he had committed actual violence on her person, attended with danger to her life, or health, &c.; and the defendant immediately filed his answer to the bill. At the May term, 1854, of said court, on the petition of the complainant, an order was made by Chancellor Clark, "that the defendant pay to the complainant, for her support and maintenance, until otherwise ordered by this court, the sum of five hundred dollars per annum, to be paid in quarterly payments ; the first payment to be made on the 15th day of May, 1854, and so on, a payment every three months", &c. "And that the defendant, without delay, pay into the hands of the solicitors of the complainant the sum of three hundred dollars, two hundred dollars of which they will retain for their services, and one hundred dollars of which they will apply to the defraying the necessary expenses of the preparation of this cause for hearing on behalf of the complainant," &c.

At the Winter term, 1854, of said court, the cause was submitted for a final decree, upon the bill, answer and proof, to Chancellor Walker, who pronounced and filed a final decree granting to complainant a divorce *a vinculo*, and an allowance out of the estate of the defendant, and ordering a reference to the register to ascertain and report the value of the estate of the defendant, &c. One part of this decree is in these words,—"It is ordered that this case be retained in court for further orders."

Before any report was made, the defendant, in February, 1855, took an appeal from said decree of Chancellor Walker to this court, and said appeal is still pending.

At the May term, 1855, of said Chancery Court, the complainant presented to Chancellor Clark her petition, stating

and referring to all the proceedings of said court in said cause, the pendency of said appeal, the failure of the defendant to pay any of said quarterly allowances or payments except the first and second, and the necessity for the payment of all of them, as well as the necessity for continuing the allowance and payments until permanent alimony shall be set apart to complainant by decree upon the report of the register, and the necessity for a further allowance to complainant's solicitors for services already rendered and to be rendered in defending said appeal. The petition prayed for such order as would secure the prompt payment of said quarterly allowances until permanent alimony was set apart to complainant by decree on the report of the register, and for an order that defendant pay to her solicitors seven hundred dollars, in part for their services already rendered in the cause, and in part to enable her to defend said appeal, with the additional sum of one hundred dollars for extra expenses, &c., in the prosecution of said cause. Chancellor Clark denied the application made by this petition, and his order denying this application was entered on the records of said Chancery Court at its May term, 1855.

An application is now made by complainant to this court for a *mandamus*, to compel Chancellor Clark to make such order as was prayed for by said last-named petition; and notice of this application has been duly served on him, and on the solicitors of the defendant.

There is nothing in the decree of Chancellor Walker, which ousted said Chancery Court of its jurisdiction to grant an order to secure the prompt payment of the quarterly allowances until the appeal taken by the defendant shall be determined, and until the final action shall be had upon the report of the register and the litigation in the cause shall be completely closed. The jurisdiction of that court in the case is as full now as it ever was, except as to the grant of a divorce *a vinculo* and the allowance out of the defendant's estate, as permanent alimony, expressly decreed by Chancellor Walker. Its jurisdiction as to all such orders, as are prayed for by the petition of complainant, was as complete when that petition was presented as it was before Chancellor Walker made his decree.—Lynde v. Lynde, 4 Sandf. Ch. R.

373 ; Williams v. Williams, 3 Barb. Ch. R. 628 ; Gerard v. Gerard, 3 Barb. Ch. R. 628 ; Logan v. Logan, 2 B. Monroe, 142 ; Denton v. Denton, 1 John's. Ch. R. 364; Code, § 1970; 2 Story's Eq. § 1425, n. 2 ; Stones v. Cooke, 8 Sim. 321, note.

Chancellor Clark should have granted the order to secure the prompt payment to complainant of the quarterly allowances, as prayed for in her petition ; and he should have also made an order, requiring the defendant to pay to the solicitors of complainant such sum as may be ascertained to be a reasonable compensation for their services already rendered in the cause and not paid for, and for their services in defending the appeal which has been taken by the defendant. And as he has refused to do so, and has had notice of the present application, and as the nature of the case is peculiar, and the necessity for prompt action apparent, a peremptory *mandamus* must issue to him—the Chancellor of the Middle Division and presiding over the Chancery Court of the 13th Chancery District,—commanding him to vacate the order made by him at its May term, 1855, denying the application made by complainant's petition presented to him at that term, and to make such order thereon as we have hereinabove indicated to be the proper order on said petition.

The general rule, that a *mandamus* will not be allowed when the party has another remedy, must be understood to relate to a specific remedy, which will place the party in the same situation as he was before the act complained of,—a specific and adequate remedy.—Etheridge v. Hall, 7 Por. 47.

The wife has a right to a support during the litigation, and also to such sum as is necessary to procure solicitors to conduct her suit with her husband. When this right is denied by the chancellor, pending the litigation, and before permanent alimony is finally set apart to her, there is no adequate and specific remedy for her, except the writ of *mandamus*. There is an essential difference between a case of peculiar nature and pressing necessity, like this, and other cases to be found in our reports in which we have refused to allow a *mandamus;* such as *Ex parte Rowland*, 26 Ala. R. 133.

Let a *mandamus* issue, in conformity with our views hereinabove expressed. William King, the husband of the petitioner, must pay the costs of this application.