## TUTTLE v. TUTTLE.

The Supreme Court may require the payment of temporary alimony and suit money pending an appeal by a husband from the allowance of permanent alimony, that part of the decree granting the divorce not being questioned, and is not without the power to do so

on the theory that, the part of the decree granting the divorce not being appealed from, it is a verity, and that, therefore, at the time of the appeal the parties had ceased to be husband and wife.

(Opinion filed, July 22, 1910.)

Action for divorce by Anna F. Tuttle against Edmund L. Tuttle. Plaintiff having obtained a decree, defendant appealed from the allowance of alimony, and thereafter plaintiff procured an order to show cause requiring defendant to show why he should not pay temporary alimony and suit money pending the appeal. Relief prayed for granted.

*A. W. Wilmarth,* for appellant. *W. A. Lynch* and *Gardner, Fairbank & Churchill,* for respondent.

WHITING, P. J. This action was brought by the plaintiff to obtain a decree of divorce from the defendant. The trial court granted the divorce as prayed for, and also granted plaintiff a certain amount as permanent alimony. Being dissatisfied with that portion of the decree fixing the amount of alimony and the times for the payment of same, the plaintiff has appealed to this court from that portion of the decree. The appellant having presented to this court a showing that she is absolutely without means to prosecute this appeal or to support herself pending this appeal; and to the effect that the respondent is worth some $16,000, an order to show cause issued from this court requiring the respondent to show cause, if any there be, why this court should not require him to pay appellant alimony and suit money on this appeal in such sums as to this court might seem equitable. Upon the return of such order the respondent did not question the statement of appellant regarding her financial condition and that of respondent, but respondent set forth certain matters which he claims show that this appeal is not brought in good faith, and the respondent also questions the jurisdiction of this court to grant the relief prayed for.

We find nothing in the record before use that would justify this court in holding that this appeal was not taken in good faith. It is the contention of the respondent that, inasmuch as that part of the decree which granted the divorce was not appealed from, such part of the decree is a verity; that, therefore, at the time the

appeal herein was taken the parties hereto had ceased to be husband and wife; that this court has no jurisdiction to grant to the former wife the means wherewith to carry on this appeal any more than it would have the right to grant such relief in any other action between these parties. Respondent, however, concedes that appellant has a right to this separate appeal on the question of alimoney, and a right therefore to a review by this court of that part of the decree.

Respondent has cited the case of Bardin v. Bardin, 4 S. D. 305, 56 N. W. 1069, 46 Am. St. Rep. 791, in support of such contention. Such case is clearly not in point. It was there decided that before the trial court can grant alimony there must be at least a prima facie showing that the marriage relation exists. It is the marriage relation that is the basis or foundation of an action for divorce, and alimony and suit money are but necessary incidents to a suit based upon such relation. It is only by virtue of such relation that the wife has any claim upon the husband for support or payment of the expenses of her suit or defense, and certainly no court would be justified in requiring a man to advance moneys to a person upon the ground that she is his wife without some showing that she is such. The relief asked for here is not based upon the ground that the appellant is the wife of respondent, but upon the ground that when this action was brought she was the wife of respondent, that the marriage relation had existed, and this fact of marriage stands conceded. It would certainly be an anomalous situation if a wife seeking a divorce and alimony should procure the decree of divorce sought and with it an unsatisfactory allowance as permanent alimony, and, desiring to have a review of the allowance for alimony, being without means to conduct such appeal, should be compelled either to abandon her appeal, or else, in order to continue the marriage relation and through it hold her husband for the means with which to maintain her appeal, be compelled to appeal from that part of the decree granting the divorce, and then be entitled to alimony only by being reversed upon her appeal from the divorce part of the decree.

Section 92 of the Revised Civil Code provides: "Where a divorce is granted for an offense of the husband, the court may compel him to * * * make such suitable allowance to the wife for her support during her life, or for a shorter period, as the court may deem just, having regard to the circumstances of the parties respectively; and the court may from time to time modify its orders in these respects." Under this section, the trial court after decree may, from time to time, modify the provisions of such decree as to alimony, and, as an incident to such power in the trial court, it may, upon application for such modification of its former decree, in its discretion grant to the former wife suit money to defray the expenses growing out of such application, and this even years after the decree of divorce and where neither party has appealed therefrom. Certainly this court, upon an appeal from an allowance of alimony, has the same right to grant temporary alimony and suit money pending its decision upon the appeal, such right resting not upon the fact of an existing marriage, but upon the fact of the marriage relation which has existed and which left behind it certain undetermined . rights which rights are based upon such marriage relations. If this court could not grant the relief asked for, it could not do so even if respondent were appealing and appealing from the same part of the decree. The court that is given the power to review a decree for alimony, and to modify or reverse the same if it sees fit, even though the parties have ceased to be husband and wife, certainly has vested in it the incidental power to grant suit money and alimony because, though the marriage relation has ceased, it is the marriage relation and its incidents that is still before the court.

Under the decree of the trial court, respondent was to pay forthwith $400 as permanent alimony and the further sum of $1,600 payable in four installments at future dates. None of this money has been received. The decree was granted June 11th last. The respondent should at once pay $60 as alimony to August 1, 1910, and $100 suit money and $100 as attorney fees, and should further pay the sum of $40 per month as temporary alimony during the pendency of this appeal or until the further order of

this court, the first payment to be made August 1, 1910. If upon the final determination of the appeal herein this court shall be of the opinion that such appeal was without merit, it can make such direction as may seem to it equitable and just for the application of the above sums upon the decree for alimony appealed from.

Inasmuch as the appellant is unable to perfect the record upon this appeal until such suit money and attorney's fees are paid, the appellant shall have 30 days after the payment of the same to serve and file her abstract and brief herein.

Let proper order issue to enforce the views of the court as expressed in the foregoing opinion.

SMITH and McCOY, JJ., took no part herein.