## NICHOLS *v.* NICHOLS.

DIVORCE—ALIMONY AND EXPENSES—APPEAL AND ERROR.

Although a complainant's bill for divorce against his wife was dismissed, with an allowance of costs to defendant, who appeals on the ground that the allowance was insufficient and that the court denied her cross-bill praying to have a certain contract of separation set aside, an allowance may be made for preliminary expenses and attorney's fees on motion in the appellate court.

Bill by George H. Nichols against Elizabeth Nichols for a divorce. Defendant filed an answer in the nature of a cross-bill asking affirmative relief. A decree was entered dismissing both the bill and the cross-bill, from which defendant appealed: On motion of defendant for an allowance for expenses pending the appeal. Submitted July 14, 1910. (Calendar No. 24,315.) Motion granted October 28, 1910.

*Sloman & Sloman*, for the motion.

*Lucking, Emmons & Helfman (C. H. Nunnelly*, of counsel), *contra.*

MOORE, J. In the matter of the petition of Elizabeth Nichols for allowance to pay expenses of appeal.

George H. Nichols and his wife, Elizabeth Nichols, after living together a long time, separated, and a contract was made between them by which he was to pay her $7 a week for her own support, and $5 a week for the support of their 11-year old son. Later Mr. Nichols filed a bill of complaint for the purpose of obtaining a decree of divorce upon the ground of cruelty. Defendant answered this bill. Later the bill of complaint was amended and an answer was interposed by the defendant in the nature of a cross-bill, in which defendant asked for affirmative relief by having the contract referred to above set aside. After a full hearing running through 13 days, a decree was entered dismissing complainant's bill of complaint, and also dismissing the cross-bill, but without prejudice. In this decree it was provided that complainant pay a solicitor's fee of $125, and the witness fees and legal expenses of obtaining them. The defendant has appealed from this decree, and files an application in this court for a solicitor's fee, for temporary alimony, and for a sufficient sum of money to pay for a transcript of the testimony, and to pay for the printing of the record and briefs.

On the part of the complainant, it is insisted that, as

complainant's bill of complaint in which he applied for a divorce has been dismissed, from which decree he has taken no appeal, the question of divorce is eliminated from the case, and that this court is without authority to make any order in the premises. We think this contention cannot be sustained. The proceeding is a divorce proceeding, and the question of costs and the question of the contract are incidents thereto. The solicitors for the defendant claimed that only a tithe of the costs was allowed to them that should have been. They also urge that a very generous allowance should be made to them for their services in this court.

The questions involved in the main case are such that they cannot very well be disposed of upon *ex parte* affidavits. We think an allowance of $100 for solicitor's fees and $150 for expenses may be made now, and any other allowance may well await a disposal of the case upon its merits.

MCALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.