Wyrick v. Wyrick.

FLORENCE OCENA WYRICK, APPELLANT, V. DOUGLAS J. WYRICK, APPELLEE.

FILED NOVEMBER 26, 1910.   No. 16,204.

Divorce:  Alimony:  TEMPORARY ALIMONY AND ATTORNEY'S FEES: ALLOWANCE BY SUPREME COURT.  In a suit for a divorce, where it appears that the district court, by inadvertence or oversight, has failed to make an allowance for the plaintiff's support and maintenance during the pendency of the action, this court, on appeal, may make suitable provisions for that purpose, and for the payment of counsel fees, in addition to the permanent alimony allowed by that court.

APPEAL from the district court for Clay county:  LESLIE G. HURD, JUDGE.  *Affirmed as modified.*

*L. B. Stiner, C. H. Epperson* and *Paul E. Boslaugh,* for appellant.

*S. W. Christy, L. E. Cottle* and *R. D. Sutherland, contra.*

BARNES, J.

The appellant, who was the plaintiff in the district court for Clay county, commenced this action to obtain separate maintenance and support from her husband, Douglas J. Wyrick. An answer was filed to her petition, and thereupon by leave of the court she filed an amended petition praying for a divorce and alimony. The issues upon which the cause was tried were extreme cruelty, failure to provide, and adultery. The trial court resolved the issues thus presented in favor of the plaintiff, except as to the charge of adultery, which the court found was not sustained, and decreed that the plaintiff should recover as alimony the sum of $4,000, and $350 as attorney's fees; that the plaintiff should have and retain the furniture and household goods, and that the defendant should pay all the costs. The decree further provided that it should stand as a final determination of all property rights of and between the parties to the action. It appears that both parties are satisfied with the decree of divorce, but the plaintiff, being dissatisfied with the amount of alimony decreed to her, has brought the case here by appeal.

Section 5345, Ann. St. 1909, provides: "Upon every divorce from the bonds of matrimony for any cause excepting that of adultery committed by the wife, and also upon every divorce from bed and board, from any cause, if the estate and effects restored or awarded to the wife shall be insufficient for the suitable support and maintenance of herself and such children of the marriage as shall be committed to her care and custody, the court may further decree to her such part of the personal estate of the husband and such alimony out of his estate as it shall deem just and reasonable, having regard to the ability of the hus-

band, the character and situation of the parties, and all other circumstances of the case."

It thus appears that in awarding alimony, in an action for divorce, the district court is clothed with a fair measure of discretion. Indeed, it was frankly conceded upon the argument, by counsel for the appellant, that it was incumbent upon them to show that the trial court in this case had abused its discretion in fixing the amount of alimony in order to entitle the plaintiff to a decree of this court increasing the same.

Having this in mind, we have carefully examined the bill of exceptions, from which we think it fairly appears that, at the time the district court entered the decree appealed from, the value of the defendant's real estate, after deducting the incumbrances thereon, was about $16,000; that his personal property, in the nature of household furniture, was worth in the neighborhood of $1,000. This personal property was all given to the plaintiff, and her permanent alimony, as above stated, was fixed at the sum of $4,000. Allowances have been made to the plaintiff to cover the expense of the prosecution of this action, amounting to $800, which has been paid; thus making the amount awarded to the plaintiff, in round numbers, the sum of $5,800. Considering the age and ill health of the defendant, and the situation of the plaintiff, we are unable to say that the decree of the district court fixing the amount of plaintiff's permanent alimony, is either inequitable or unjust.

There is another phase of this case, however, which it seems to us must have escaped the attention of the district court. It was the duty of the defendant to support and maintain the plaintiff during the pendency of this action, and up to the time of the entry of the final decree by the district court. The record discloses that she expended in that behalf nearly $700, the most of which she was compelled to borrow, for it clearly appears that after their separation the defendant refused to contribute further to the plaintiff's support and maintenance. Therefore, the

district court should have allowed her this additional amount, and for the failure to do so she was without doubt justified in prosecuting this appeal. For that purpose, it was necessary for her to employ counsel and incur some additional expense by way of suit money, which expense has been awarded to her by this court. Taking this view of the matter, it would seem that, in order to enable her to pay counsel fees and recoup herself for the amount of money which she was required to expend for her support and maintenance during the pendency of this action, she should be allowed an additional sum of $1,000, out of which she should be required to pay her counsel for the prosecution of this appeal.

We are therefore of opinion that the judgment of the district court, so far as the allowance of permanent alimoney is concerned, should be affirmed; and a decree will here be entered to that effect; and the plaintiff is allowed the additional sum of $1,000 for her support during the pendency of this action and for counsel fees. With this modification, the decree of the district court is affirmed.

JUDGMENT ACCORDINGLY.