(158 App. Div. 766.)

MILLER v. MILLER.

(Supreme Court, Appellate Division, Third Department. November 12, 1913.)

DIVORCE (§ 182*)—APPEAL—ALLOWANCE FOR COUNCIL FEES AND EXPENSES.

A wife, defendant in a divorce action, whose counterclaim, asking a separation on the ground of abandonment, was sustained, was entitled, pending the husband's appeal therefrom, to an allowance for the purposes of the appeal, and also for any past expenses, the payment of which might be necessary to enable her to protect her rights.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 568, 587, 588, 625, 638, 641, 657; Dec. Dig. § 182.*]

Appeal from Special Term, Tompkins County.

Action for divorce by Almond Miller against Bethel Anderson Miller, with counterclaim asking for a separation. From an order awarding to defendant $525 for counsel fees and expenses, in addition to a previous order of $150 counsel fees, plaintiff appeals. Modified and affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Cobb, Cobb, McAllister & Feinberg, of Ithaca (Fordyce A. Cobb, of Ithaca, of counsel), for appellant.

David M. Dean, of Ithaca, for respondent.

JOHN M. KELLOGG, J. In this action, brought by the plaintiff to obtain a divorce from his wife on the ground of adultery, she denied adultery upon her part and as a counterclaim asked for a separation on the ground of abandonment. On motion of the defendant an order was made settling the issues for a jury trial, both as to the defendant's adultery and as to the abandonment. The jury found with the defendant upon both issues, and the case was held for a disposition of the other issues at a future time. Thereafter the plaintiff appealed to the Appellate Division from the order settling the issues, and that appeal is still undetermined. Before the trial, the defendant, upon proof that the plaintiff had abandoned her, and that she had prosecuted an action against him for moneys expended for her support and maintenance, and had obtained a judgment therefor, which was unpaid, and which in supplementary proceedings she had been unable to collect, and that in support of herself and the prosecution of said action she had exhausted her entire income and property, and had no means to carry on the action, she obtained an order for $150 counsel fee and $5 per week alimony.

After the appeal by the plaintiff the defendant applied to the court

for an allowance of counsel fees and expenses, showing that she had expended $375 in the defense of the action up to that time, and had incurred for additional necessary disbursements, witness fees, traveling expenses, and copies of record over $300, and that in order to complete the trial of the action it would require an expenditure of other sums of money for her to come to the place of trial with her witnesses, and in order to carry on said appeal it would be necessary to require additional sums of money for attorneys, counsel, traveling expenses, and printing. She refers to and makes a part of the application the affidavits upon which the previous order for alimony and counsel fees was made. The order appealed from directs the plaintiff to pay $525 for counsel fees and expenses. The appeal is based upon the contention that the allowance is entirely for past services and expenses, and the payment thereof is not necessary in order to enable the defendant to continue the action, but is to reimburse her for things already paid for or acquired on her credit.

In McCarthy v. McCarthy, 137 N. Y. 500, 33 N. E. 550, where the findings were in favor of the wife, and she had nothing to do but to enter judgment upon them, the court refused her an allowance to cover past expenses. The case, however, recognizes the right to apply for an allowance, after an appeal taken, for the purposes of the appeal, and also to cover any past expenses the payment of which might be necessary to enable the defendant to protect her rights.

The plaintiff is evidently contesting the case at every point, and the court could very properly make an allowance to cover the completion of the trial and the appeal from the order. Considering the history of the litigation and the facts shown, a reasonable allowance is therefore proper to enable the defendant to complete the trial of the action and defend the appeal. $525 seems a large allowance at this time. It seems probable that $300 would be ample.

The order is therefore modified, by reducing the allowance to that amount, and, as modified, affirmed, with costs. All concur.