### BLOSS *v.* BLOSS.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE—PROFANE AND THREAT-ENING LANGUAGE.

   Where defendant wife in her cross bill charged her husband with extreme cruelty in the use of violent, threatening and profane language and personal violence, evidence reviewed as a question of fact, and *held*, to sustain the conclusion of the lower court in granting a divorce to the cross complainant.

2. SAME—WEIGHT OF TESTIMONY—APPEAL AND ERROR—CREDIBILITY OF WITNESSES.

   The trial court, who saw and heard the testimony and observed the conduct of the witnesses on the stand, is in a superior position to determine the weight to be accorded to their testimony and base conclusions thereon, and his determination will, for that reason, be given additional weight.

3. SAME—ALIMONY.

   *Held*, that an award of alimony of $5 per week for the support of an infant child of the parties was a proper amount to be awarded.

4. SAME—SOLICITOR'S FEE—COSTS—DECREE.

An award of $100 as solicitor's fee to be paid by the complainant included the solicitor's fee taxable under the court rule and it was erroneous to permit the defendant to tax a fee in addition to the $30 fee included by the provisions of the rule.

5. SAME—HOUSEHOLD FURNITURE—DIVISION OF PROPERTY.

While an order awarding to defendant wife the household furniture is not unreasonable, the court may restore to complainant articles given to him by his friends or relatives and peculiarly suitable to the use of complainant.

6. SAME—COSTS.

The complainant may also be required to pay a further sum as counsel fee in addition to the award of $50 for expenses of appeal granted by the Supreme Court.

Appeal from Wayne; Codd, J. Submitted June 9, 1915. (Docket No. 22.) Decided July 23, 1915.

Bill by Edward C. Bloss against Freda Bloss for divorce. Defendant filed a cross bill. From a decree for defendant granting her a divorce as prayed, complainant appeals. Modified and affirmed.

*James H. Pound,* for complainant.

*Allan H. Frazer,* for defendant.

STONE, J. The bill of complaint was filed in this cause for an absolute divorce from the defendant upon the ground of extreme cruelty, and prayed for the custody of the infant child of the parties. The defendant answered fully, denying the charge of the complainant, and, claiming the benefit of a cross-bill, charged the complainant with extreme cruelty. The cross-bill was answered by specific denial of the charge, and the cause, being at issue, was heard upon testimony taken in open court. At the hearing the trial court granted a decree, dismissing complainant's bill of complaint and granting a decree to defendant upon

her prayer for affirmative cross-relief, giving her the custody of the child and making certain provisions by way of permanent alimony and counsel fees. From this decree the complainant has appealed.

The bill of complaint was filed May 2, 1912. The complainant at that time was 25 years old, and the defendant about 21 years of age. The parties were married on August 11, 1910, and lived together until on or about April 23, 1912. Their only child, Edward G. Bloss, was born on May 30, 1911. As has already been stated, both parties to this cause charged the other with extreme cruelty, and the vital question in the case is, Which one of the parties hereto has maintained the charge? A careful reading of the record discloses the fact that there is an irreconcilable conflict in the testimony of the parties upon that subject. Most of the testimony upon both sides was given by the parties and their immediate relatives. The trial judge saw and heard the witnesses in the case testify, and was in a better position to judge of the credibility of the witnesses than we are. We are of opinion that the charge of personal violence on the part of complainant was not sustained by the testimony, except by inference, but there was considerable testimony given by witnesses outside the family circle, showing that complainant had been guilty of gross misconduct, amounting to extreme cruelty, in the use of profane, violent, and threatening language, severely scolding and reprimanding the defendant, charging her with neglecting her duties as a wife and mother, and with untidiness as a housekeeper; and, while the case as made by the defendant under her cross-bill is not a strong one, yet we are inclined to agree with the trial judge.

There would be no profit to the profession or to the parties interested in reviewing in detail the testimony in the case. There was testimony sufficient, if believed

by the trial court, to warrant the decree which was made in the court below, in so far as the conduct of the complainant is concerned. This testimony was to the effect that complainant was profane in his language and rough in his conduct toward defendant and cross-complainant. We are satisfied from the testimony that the wife properly cared for her household and child, and was an affectionate and considerate mother, and that many of the charges of the complainant against her were not true. We shall not therefore disturb the decree granting a divorce to the defendant and cross-complainant. We think, however, that some of the provisions of the decree should be modified.

1. In our opinion the provision for permanent alimony and support should be limited to the sum of $5 per week, and should be for the support of the child, and payable as provided for in the decree below.

2. By the decree the trial court awarded to the solicitor for the defendant and cross-complainant a solicitor's fee of $100 to be paid by the complainant and cross-defendant. We are not disposed to disturb this portion of the decree, but we think that no solicitor's fee under the rule should have been taxed in the case. The decree provided that the said Edward C. Bloss should pay the expense already incurred by said Freda Bloss in carrying on and defending her suit in this cause, the same to be taxed. We do not think it was the intention of the trial court to include in such expenses the solicitor's fee of $30 under the rule, and that sum will be eliminated from the decree.

3. We are not disposed to disturb the order awarding to the defendant and cross-complainant the household furniture save in the following particulars: We think there should be restored to the complainant and cross-defendant the following articles described in his affidavit found in the record, which articles appear to

be in the possession of said defendant and cross-complainant, to wit: One cigar band smoker set; three packs of cards; two glass humidors; one shaving glass; one steel fishing rod and reel; one ice-box; one dining room table; six dining room chairs; two fancy pillows; one set of eight books; one rocking chair; one poker set; one brass dish; and one brass cuspidor. Many of these articles were given to the complainant and cross-defendant, or to the parties, by the relatives of the complainant; and while they are not of great value, we think they should be restored to him.

4. In our opinion the provision made by the trial court for the custody of the child should not be disturbed by us, and the same will remain, subject to change from time to time by the order of the court below, as provided by the decree.

5. In addition to the award of $50 to defendant, made by this court on account of expenses of appeal, the complainant will, by the decree of this court, be directed to pay to the solicitor for the defendant and cross-complainant the further sum of $30 as counsel fee in this court.

Except as herein modified, the decree of the court below is affirmed. No further costs will be taxed in this court.

BROOKE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice McALVAY took no part in this decision.