# *Ex Parte* Spafford.

## Mandamus.

(Decided February 15, 1917. 74 South. 358.)

**Husband and Wife; Separate Maintenance; Allowance Pendente Lite; Pendency of Appeal.**—The pendency of an appeal from the decree overruling a demurrer to a bill for separate maintenance does not affect the right of the chancellor in the exercise of his discretion to order the payment of alimony pendente lite to complainant.

PETITION for mandamus filed in this court by R. B. Spafford against the Chancellor of the Southwestern Chancery Division to require him to set aside an order for reference as to separate maintenance for alimony pending the suit. Writ denied.

INGE & McLEOD for petitioner. WEBB, McALPINE & GROVE contra.

GARDNER, J.—Petition for writ of mandamus, to be directed to the chancellor of the Southwestern chancery division, to have set aside an order of reference entered in the cause of *Bernadine Spafford v. Ralph B. Spafford, infra,* 74 South. 354, pending in said court, which order of reference is for the purpose of ascertaining reasonable alimony pendente lite for com-

plainant in said cause. Prior to the decree of reference a decree had been entered overruling demurrers to the original bill, and from such decree an appeal has been prosecuted to this court.

It is conceded by counsel for appellant, or at least it was not disputed in the argument of the cause, that the pendency of the appeal from the decree on demurrer would have no effect upon the right of the chancellor, in the exercise of his discretion, to enter an order for the payment of alimony pendente lite to complainant.—*Ex parte King*, 27 Ala. 387; *Lawrence v. Lawrence*, 141 Ala. 356, 37 South. 379.

The petition in this case rested upon the contention on the part of petitioner that the original bill in this case is without equity. The equity of the bill has been determined by this court on the appeal from the decree overruling the demurrer. We held that the bill contained equity. See *Spafford v. Spafford, infra,* 74 South. 354, this day decided. It results that the writ will be denied.

Writ denied. All the Justices concur.