(115 So. 226)
Ex parte APPERSON.   (6 Div. 906).

Supreme Court of Alabama.   Jan. 12, 1928.

1. Mandamus ⬢➡164(4)—Judge's uncontroverted answer in mandamus will be taken as true.

Answer of circuit judge in response to rule nisi in mandamus proceedings will be taken as true, if not controverted, and truth or sufficiency thereof put in issue.

2. Mandamus ⬢➡4(3)—Mandamus lies to review interlocutory decree fixing temporary alimony; there being no statute providing for review thereof.

There being no statute providing for review of interlocutory decree fixing temporary alimony, mandamus is efficacious for purpose of review.

---
⬢➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 168.

**3. Equity ⬲409—Register's finding will not be disturbed, unless clearly erroneous.**

The finding of a register will not be disturbed, unless clearly erroneous.

**4. Equity ⬲410(1)—Exceptions to register's finding should be duly reserved.**

Exceptions to the finding of a register should be duly reserved.

**5. Divorce ⬲211—Alimony or support pending wife's divorce suit is matter of right (Code 1923, § 7417).**

Alimony or support pending wife's suit for divorce is not a matter of discretion, but of right, under Code 1923, § 7417 (Code 1907, § 3803).

**6. Divorce ⬲182—Wife's appeal from decree dismissing divorce suit did not justify refusal to hear application for confirmation of register's report allowing alimony and attorney's fees pendente lite (Code 1923, § 7417).**

Perfection of appeal on merits from decree dismissing wife's divorce suit did not justify trial court's refusal to hear her application for confirmation of register's report allowing temporary alimony and attorney's fees to prosecute suit and appeal; pendente lite allowances granted her as matter of right under Code 1923, § 7417 (Code 1907, § 3803) not being subject to denial or delay until final determination of marriage status on all the evidence.

**7. Divorce ⬲212—Wife's good faith and probable success in divorce suit are pertinent to allowance of attorney's fees pendente lite.**

Wife's good faith and probabilities of success in divorce suit are pertinent to allowance of attorney's fees pendente lite.

**8. Divorce ⬲214(4)—Wife's petition for pendente lite allowances and appeal from decree denying divorce will be considered together to determine her good faith.**

Wife's petition for pendente lite allowances of alimony and attorney's fees, and her appeal from decree denying divorce, will be considered together for purpose of determining her good faith as affecting such allowances by register's report, to which no exceptions were taken.

**9. Divorce ⬲212—Wife, acting in good faith, with reasonable probability of success, and establishing necessity for pendente lite allowances, held entitled thereto from date of motion to submit case for confirmation of register's report.**

Wife, acting in good faith, and with reasonable probability of success from her viewpoint, and establishing necessity of temporary allowances for maintenance and attorney's fees pending her divorce suit, held entitled to such allowances in register's report, to which no exceptions were taken, as of date of her motion to submit case for confirmation of report.

Original petition by Elsie Caldwell Apperson for mandamus to William M. Walker, as Judge of the Circuit Court of Jefferson County. Writ awarded.

See, also, ante, p. 157, 115 So. 229.

Aird & Aird, of Birmingham, for petitioner.

On bill filed by the wife for divorce, alimony pendente lite is a matter of right, and the court must make an allowance for her support pending the suit. Code 1923, § 7417; Ex parte Eubank, 206 Ala. 8, 89 So. 656; Ex parte Cairns, 209 Ala. 358, 96 So. 246; Coleman v. Coleman, 198 Ala. 225, 73 So. 473; Bell v. Bell, 214 Ala. 573, 108 So. 378, 45 A. L. R. 935; Rast v. Rast, 113 Ala. 319, 21 So. 34; Ex parte King, 27 Ala. 387; Ex parte Jones, 172 Ala. 186, 55 So. 491; Jeter v. Jeter, 36 Ala. 391; Lawrence v. Lawrence, 141 Ala. 356, 37 So. 379; Webb v. Webb, 140 Ala. 262, 37 So. 96, 103 Am. St. Rep. 30; Brindley v. Brindley, 121 Ala. 429, 25 So. 751; Richardson v. Richardson, 4 Port. 467, 30 Am. Dec. 528. No appeal lies from interlocutory decree fixing temporary alimony, and there is no statute providing for review thereof. Rogers v. Rogers, 215 Ala. 259, 110 So. 141; Brady v. Brady, 144 Ala. 414, 39 So. 239; Jackson v. Jackson, 211 Ala. 277, 100 So. 332; Ex parte Eubank, supra; Ex parte Wood, 215 Ala. 280, 110 So. 410; Jordan v. Jordan, 175 Ala. 640, 57 So. 436. Mandamus serves the purposes of an emergency appeal. Ex parte Edwards, 183 Ala. 659, 62 So. 775; Ex parte Hilton, 213 Ala. 573, 105 So. 647. Appeal to the Supreme Court did not deprive the lower court of power to determine questions relating to alimony pendente lite. Ex parte King, 27 Ala. 387. Pending appeal alimony pendente lite should be allowed where appeal is taken in good faith. 19 Cyc. 209; Lawrence v. Lawrence, 141 Ala. 356, 37 So. 379; Ex parte King, supra.

London, Yancey & Brower and Frank Bainbridge, all of Birmingham, for respondent.

A decree is final when it fully decides and disposes of the whole merits of the cause and leaves no further questions therein for future judgment of the court. 21 C. J. 643; Gainer v. Jones, 176 Ala. 408, 58 So. 288; Walker v. Crawford, 70 Ala. 567. Final decree cannot be altered or reversed by the trial court except by consent of parties, or by a petition for rehearing or bill of review. Ansley v. Robinson, 16 Ala. 793; 21 C. J. 706. The answer of the circuit judge to rule nisi, not being controverted, its statement must be taken as true. Ex parte Schoel, 205 Ala. 248, 87 So. 801; Code 1923, § 8979.

THOMAS, J. The petition for mandamus is to the judge of the circuit court. Its purpose is to review a decree overruling motion to confirm the register's report allowing temporary alimony and attorney's fees.

The submission on December 4th was upon the motion of petitioner of date of November 8, 1926, to confirm the report of the register, to which no exceptions had been reserved. The answer of the judge shows

that there was a submission for final decree on the merits on November 10th, and at the time the report of the register, without exception, was before the court unconfirmed.· The decree overruling the motion of date of December 8th recites the facts as·follows:

"This cause was submitted upon motion of complainant filed herein on December 4, 1926, for a decree confirming the report of the register filed in this cause on November 8, 1926, and, it appearing to the court that on November 10, 1926, this cause was submitted for final decree upon the merits, and the court at that time having before it the report of the register, and being then of the opinion that the complainant was not entitled to the relief prayed, the court is now of the opinion that said motion is not well taken, and should be overruled."

The judge, having demurred to the petition, answers as follows:

"That a final decree was rendered by respondent on November 10, 1926, dismissing the said cause of Elsie C. Apperson v. Benjamin C. Apperson. That the said Elsie C. Apperson, on the 9th day of December, 1926, took an appeal to this honorable court from the said final decree, and that the said cause is now pending on appeal in this honorable court. The respondent attaches hereto,and marks Exhibits A and B, respectively, a certified copy of the appeal bond of petitioner and citation of appeal to this court in said cause. And respondent therefore respectfully shows unto your honors that he has lost all control of the parties in said cause of Elsie C. Apperson v. Benjamin C. Apperson, and also the subject-matter of said cause. That he was without jurisdiction to grant the motion of the petitioner made on December 4, 1926, and now has no jurisdiction in said cause, and that this court has exclusive jurisdiction thereof. Ex parte Farrell, 196 Ala. 434 [71 So. 462, L. R. A. 1916F, 1257]."

That said cause was submitted for final decree on November 10th, as indicated, "and the said report of the register was also submitted to the respondent without any objection on the part of the petitioner or her attorneys of record. That said report of the register and the said cause was considered on the merits by your respondent on November 10, 1926. That your respondent carefully reviewed and considered the testimony, upon which said cause was submitted for final decree, and heard arguments of counsel for the respective parties. That, after a full consideration of all the testimony, your respondent reached the conclusion that the said bill of complaint filed by the petitioner against her said husband, Benjamin C. Apperson, was not brought in good faith, was frivolous, and that her said bill for divorce was without just or reasonable foundation. That the petitioner had no bona fide ground for divorce from her said husband, Benjamin C. Apperson, and that, as a matter of fact, the said petitioner, Elsie C. Apperson, had wrongfully abandoned her said husband, without cause, prior to the fil-

ing of said bill. That the said bill for divorce, filed by the petitioner against her said husband, was prompted by oppression towards her husband, and was instituted, not in good faith, but for the purpose of obtaining money from her husband, after petitioner had wrongfully and without just cause abandoned her said husband, Benjamin C. Apperson. For that reason, the respondent was of the opinion that petitioner was not entitled to alimony pendente lite or attorney's fees pendente lite, and that the rule that 'he who seeks the intervention of a court of equity must come in with clean hands' applies with equal force to a wife seeking temporary alimony and solicitor's fees pendente.lite."

[1] An answer of a circuit judge in response to the rule nisi, if not controverted and the truth or sufficiency thereof put in issue, will be taken as true. Ex parte Schoel, 205 Ala. 248, 87 So. 801; Ex parte Scudder, 120 Ala. 434, 25 So. 44; Ex parte U. S. Shipping Board, 215 Ala. 321, 110 So. 474; section 8979, Code of 1923.

[2] There is no statute providing for review of an interlocutory decree fixing temporary alimony (Jackson v. Jackson, 211 Ala. 277, 100 So. 332; Rogers v. Rogers, 215 Ala. 259, 110 So. 141; Ex parte Wood, 215 Ala. 280, 110 So. 409), and mandamus is efficacious for the purpose of review (Ex parte Jackson, 212 Ala. 496, 103 So. 558; Ex parte Hilton, 213 Ala. 573, 105 So. 647; Ex parte Edwards, 183 Ala. 659, 62 So. 775; Brady v. Brady, 144 Ala. 414, 39 So. 237; Ex parte Eubank, 206 Ala. 8, 89 So. 656).

[3, 4] It is also a recognized rule that the finding of a register will not be disturbed, unless clearly erroneous (Ex parte Wood, 215 Ala. 280, 110 So. 409; Johnston v. Johnston, 212 Ala. 351, 102 So. 709; Warren v. Lawson, 117 Ala. 339, 23 So. 65; Vaughan v. Smith, 69 Ala. 92), and that exceptions thereto should be duly reserved (Jones v. Moore, 215 Ala. 579, 112 So. 207).

[5] It is the rule in some jurisdictions that, when it appears to the satisfaction of the trial court that the wife's suit is not instituted in good faith to secure a divorce, but merely for financial benefit, or with malice or oppression towards the husband, alimony pendente lite will not be allowed. In Brindley v. Brindley, 121 Ala. 429, 25 So. 751, the bill was for alimony without granting divorce, and it was declared that it was a principle in divorce suits, "uninfluenced by statute, * * * that, 'although alimony pendente lite should be allowed without an examination of the merits of the case, yet a prima facie case must be shown in behalf of the wife, and where she is the libellant or plaintiff, it should appear that the suit is brought in good faith, and not merely for the purpose of obtaining money from her husband; for if it appears that the suit is without just or reasonable foundation, or is

prompted by malice or oppression towards her husband, or that the husband's success is very apparent, no allowance should be made to the wife.' 2 Am. & Eng. Ency. Law (2d Ed.) 101."

The case of Bulke v. Bulke, 173 Ala. 138, 55 So. 490, the bill being for divorce and alimony, held the provisions of section 3803 of the Code of 1907 (sections 7417–7418, Code of 1923) did not require allowance of temporary alimony, if the husband has already provided such support, and that attorney's fees, in the absence of statutory provisions, are governed by the general principles of law as to the propriety of such allowances, depending upon the good faith of the proceedings and the probability of success. 14 Cyc. 749, 753, 754. In the case reported as Anonymous, 206 Ala. 295, 89 So. 462, the suit was by the wife for alimony, temporary and permanent, attorney's fees, and for the custody of an infant; held, the husband was not required to provide separate maintenance for a wife who has abandoned him without cause, and upon the authority of Brindley v. Brindley, supra. The case of Ex parte Dunlap, 209 Ala. 453, 96 So. 441, the bill being filed for alimony without divorce, held the right of a wife to temporary alimony without divorce is not a matter of absolute right, but rests in the sound discretion of the court. And the case of Sellers v. Sellers, 212 Ala. 290, 102 So. 442, the bill was for separate maintenance by the wife, declaring that, when the wife abandons her home without just cause, "the right to support from her husband at once ceases," and this is true "where, from her own fault, he abandons her."

The foregoing cases are not as that before us under Mrs. Apperson's bill for divorce; her application for allowance pending the suit as a matter of right, not of discretion, and for attorney's fees to prosecute her suit. Section 7417, Code of 1923; Richardson v. Richardson, 4 Port. 467, 30 Am. Dec. 538; Ex parte King, 27 Ala. 387, 390; Wray v. Wray, 33 Ala. 187; Ex parte Smith, 34 Ala. 455; Jeter v. Jeter, 36 Ala. 391; Edwards v. Edwards, 80 Ala. 97, Chief Justice Stone saying "alimony or support pending the suit is a matter not of discretion, but of right." Judge Stone's interpretation of this statute has not been departed from in the later decisions. Coleman v. Coleman, 198 Ala. 225, 229, 73 So. 473; Ex parte Eubanks, 206 Ala. 8, 89 So. 656; Gibson v. Gibson, 203 Ala. 466, 83 So. 478; Ex parte Boyette, 211 Ala. 129, 99 So. 853; Ortman v. Ortman, 203 Ala. 167, 82 So. 417.

[6] Does the fact that there is an appeal taken on the merits in the main suit prevent an allowance of alimony pendente lite and attorney's fees to prosecute her suit and that upon appeal? In Lawrence v. Lawrence, 141 Ala. 356, 37 So. 379, is the observation that, upon proper application, an order may be made by the "chancellor pending an appeal of the cause," allowing complainant alimony pendente lite. Such was the effect of Ex parte King, 27 Ala. 387. The decision in Ex parte Spafford, 199 Ala. 309, 310, 74 So. 358, is rested on the foregoing authorities, for said pendente lite allowances pending appeal. Spafford v. Spafford, 199 Ala. 300, 74 So. 354, L. R. A. 1917D, 773. The case of Ex parte Farrell, 196 Ala. 434, 71 So. 462, L. R. A. 1916F, 1257, may appear to be contrary to Ex parte Spafford, supra. However, there was a final decree in Farrell's Case determining all the rights of the parties to the divorce proceeding, including the rights of both permanent and temporary alimony and appeal, and hence the mandamus was denied to compel the chancellor to allow temporary alimony pending the appeal. In this is the distinction between the Spafford and Farrell Cases. Farrell v. Betts, 16 Ala. App. 668, 81 So. 188.

The general rule of the later cases sustains the jurisdiction of the trial court in divorce action to make temporary allowance to the wife during appeal from its decision on the main case. Main v. Main, 168 Iowa, 353, 150 N. W. 590; Bruce v. Bruce, 160 Cal. 28, 116 P. 66; Sheppard v. Sheppard, 161 Cal. 349, 119 P. 492; Dunphy v. Dunphy, 161 Cal. 87, 118 P. 445; Mengel v. Mengel, 157 Iowa, 630, 138 N. W. 495; Pemberton v. Pemberton, 169 Ky. 476, 184 S. W. 378; Buckner v. Buckner, 118 Md. 263, 84 A. 471; Mulhall v. Mulhall, 120 Md. 22, 87 A. 490; Libbe v. Libbe, 157 Mo. App. 701, 138 S. W. 685; Id., 166 Mo. App. 240, 148 S. W. 460; Creasey v. Creasey, 175 Mo. App. 237, 157 S. W. 862; Berger v. Berger, 141 App. Div. 455, 126 N. Y. S. 284; Miller v. Miller, 158 App. Div. 766, 144 N. Y. S. 278; 27 L. R. A. (N. S.) 712; 45 L. R. A. (N. S.) 943; Ex parte Lohmuller, 103 Tex. 474, 129 S. W. 834, 29 L. R. A. (N. S.) 303; Griffith v. Griffith, 71 Wash. 59, 127 P. 585; Lewis v. Lewis, 83 Wash. 671, 145 P. 980; State ex rel. Clark v. Superior Court, 90 Wash. 80, 155 P. 398. And bearing some analogy to the foregoing are decisions to the effect that an appellate court has inherent jurisdiction to allow temporary alimony in a divorce suit pending, and that this power is an incident to jurisdiction in such a suit. Hartshorn v. Hartshorn, 67 Okl. 43, 155 P. 508; Taylor v. Taylor, 19 N. M. 383, 142 P. 1129, L. R. A. 1915A, 1044; Franklin v. Franklin, 109 Miss. 163, 68 So. 74; Buehler v. Buehler, 38 Nev. 500, 151 P. 44; Kostachek v. Kostachek, 40 Okl. 744, 124 P. 761; Robinson v. Robinson, 86 N. J. Eq. 165, 92 A. 94, L. R. A. 1915B, 1071, and notes; Bloss v. Bloss, 187 Mich. 425, 153 N. W. 666; Brown v. Brown, 22 Wyo. 92, 135 P. 801, 51 L. R. A. (N. S.) 1119; Hermann v. Hermann, 142 Wis. 529, 126 N. W. 3; Wyrick v. Wyrick, 88 Neb. 9, 128 N. W. 662; Doolittle v. Doo-

little, 166 Iowa, 625, 147 N. W. 893; Nichols v. Nichols, 163 Mich. 107;[1] Tuttle v. Tuttle, 26 S. D. 95, 127 N. W. 637; Maxwell v. Maxwell, 67 W. Va. 119, 67 S. E. 379, 27 L. R. A. (N. S.) 712; Kjellander v. Kjellander, 45 L. R. A. (N. S.) 943.

The perfection of the appeal in the main case did not justify the action of the trial court in declining to hear petitioner's application for confirmation of the register's report as to the pendente lite allowances. The very purpose of the statute was to afford a support, and in a proper case counsel fees, to the wife to enable her to exist while she maintained her rights in this most important of all domestic relations. The right of pendente lite allowance granted the wife, as a matter of right (section 7417, Code; Benton v. Benton, 214 Ala. 321, 107 So. 827), was not subject to denial or delay until the final determination of the marriage status upon all the evidence.

[7, 8] The inquiry of fact as to the good faith and probabilities of success are held to be pertinent to allowance of attorney's fees. The instant petition for pendente lite allowances and the appeal of the wife from the decree denying her divorce were submitted together, and will be so looked to or considered for the purpose of determining her good faith in the premises, as affecting her temporary allowances that should be made her pursuant to the register's report to which no exceptions were taken. City of Birmingham v. L. & N. R. Co., 216 Ala. 178, 112 So. 742; N. C. & St. L. R. Co. v. Crosby, 194 Ala. 338, 70 So. 7.

[9] Though the appeal in the main case denying divorce is affirmed, we find from an examination of both records, that from the wife's viewpoint she acted in good faith and with a reasonable probability of success; and that her necessities for the temporary allowances are established, to the end of her proper maintenance, and to enable her to present her supposed rights in the premises to the court. And Mrs. Apperson's pendente lite allowances reported by the register, and to which no exception was taken, for her support and maintenance, and for attorney's fees, should be allowed of the date of December 4th—that of the motion for submission for confirmation of the report of the register. The record shows that the report was ordered to lie over for five days from November 8th to 13th, and hence the question for temporary maintenance and attorney's fees was not, and could not have been, considered on the general submission on November 8th; that is, for practical purposes the two proceedings, by appeal and mandamus, are, and should be, considered together.

Petition for writ of mandamus is granted, and the writ will be awarded, as prayed for, unless this court should be duly advised that the trial court has conformed to the decision herein.

Mandamus awarded as prayed for.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.

